### JACKSON v. PITTSBURGH S. S. CO.
### No. 9191.

Circuit Court of Appeals, Sixth Circuit.

Dec. 8, 1942.

Hugo V. Prucha, of Cleveland, Ohio (Prucha & Prucha and H. V. Prucha, all of Cleveland, Ohio, on the brief), for appellant.

W. Alexander Eldridge, of Cleveland, Ohio (Carl A. Schipfer, McAlister Marshall, McKeehan, Merrick, Arter & Stewart, and George William Cottrell, all of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

The appellant sued in the court below to recover damages for injuries received while a member of the crew of the S.S. General Orlando M. Poe, owned by the appellee, while the vessel was in harbor at Toledo, Ohio, and tied to the dock. His first cause of action set forth a right of recovery for negligence under the so-called Jones Act, 46 U.S.C.A. § 688. His second cause of action was for cure and maintenance. The complaint was dismissed on the ground that it failed to state a justiciable claim against the defendant in either cause of action.

The complaint alleged that on June 2, 1940, while a member of the crew of the steamship, the appellant desired to go ashore after coming off watch; that he went to the forward part of the main deck to descend a ladder to the dock; that no ladder was available nor other means of egress from the vessel; that he requested a member of the crew, whose name or capacity is unknown, to place a ladder over the side of the vessel so that he might go ashore; that his request was refused; that he thereupon jumped from the deck of the vessel to the dock, a distance of about six feet, with the result that he sustained painful and serious injuries.

Assuming that the failure of the ship to provide a ladder at the time and place indicated was a breach of duty on the part of the owners and therefore, negligence, we are unable to perceive that such negligence bore any causal relation to the injuries of the plaintiff which followed. The court was right in dismissing the first cause of action.

While maritime law imposes a duty upon the owners of a vessel to care for a seaman who falls sick or is injured in the service of his ship to the extent of his maintenance, cure and wages (The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760), in order to recover, an in-

670

jured seaman must have acted without gross negligence or misconduct (Olsen v. Whitney, D.C., 109 F. 80), and his own wilful wrong-doing gives him no rights against the vessel or her owners (The S.S. Berwindglen, 1 Cir., 88 F.2d 125). The phrase "in the service of the ship" does not extend the obligation of the vessel or its owners to injuries received by a seaman while engaged in his personal affairs. Collins v. Dollar S.S. Lines, Inc., D.C. S.D.N.Y., 23 F.Supp. 395, 397. When a seaman, by his own volition, creates an extraneous circumstance, he brings about an intervening cause that directly affects his relation to his employers and to the ship. He is responsible for such intervening cause if it consists of his own wilful misconduct, is something which is done in pursuance of some private avocation or business, or grows out of relations unconnected with the service or is not the logical incident of duty in the service. The Osceola, supra; Meyer v. Dollar S.S. Line, 9 Cir., 49 F.2d 1002.

The plaintiff was not compelled to jump from the ship. The only expectable injury that he might have suffered from the failure to provide a ladder, would have been some inconvenience or delay in leaving the vessel. This could readily have been avoided or minimized either by putting the ladder in place himself or in requesting someone in authority to direct that it be done. When he leaped from the ship under circumstances where injury might reasonably be expected to result, he acted on his own volition, in the pursuit of his personal affairs, and was not injured "in the service of the ship." The court was likewise right in dismissing the second cause of action.

The order is affirmed.