## LEWIS v. AMERICAN–HAWAIIAN S. S. CO.

District Court, S. D. New York.
Feb. 10, 1943.

William L. Standard, of New York City (Louis H. Rubinstein, of New York City, of counsel), for plaintiff.

Lloyd, Decker, Williams & Knauth, of New York City (Gray Williams, of New York City, of counsel), for defendant.

KNOX, District Judge.

■ Under the facts herein stipulated, I am satisfied that the failure of the Master of the Arkansan to do more than was done to protect the plaintiff from injury at the time of a German air-raid upon Port Suez, Egypt, on September 12, 1941, did not amount to actionable negligence. What would, or would not, have happened had the Master sent the crew ashore is altogether speculative and speculation is far short of forming a basis for the assessment of damages. Furthermore, in my opinion, the ship's company, in the absence of proof of the existence of circumstances entirely different from those present in this case, was obligated to stand by their ship. This procedure was followed. One place aboard the ship, for all that any one can tell, was as safe as another. Plaintiff, fortuitously, happened to be at a place where, when a bomb fell, he suffered injury. This in no way was the fault of the ship or her Master. Nor was it a fault for the ship to have been "blacked out." The idea that the ship was of American registry and that had she been lighted and thus capable of revealing her identity to the German aviators, they would have refrained from dropping bombs in her vicinity, is too naive to merit consideration. The Arkansan was carrying war material for the British forces; she was in an Egyptian port, and subject to the dangers of that location. The same is true as respects the members of her crew. Had the vessel's lights been on, the hazard, both of the vessel and her officers and crew, would have been increased.

■ Plaintiff's cause of action, based upon a claim for indemnity, will be dismissed. He should, however, be paid wages until the end of the Arkansan's voyage, plus bonus pay, for such period of time that he was necessarily required to be in bonus areas. This is emphasized, I think, when it is considered that the seaman, due to a war risk, was forced to remain in a bonus port, and that, upon his homeward trip was subjected to all the hazards that would have attached themselves to him, had he returned home on board the Arkansan.

■ Plaintiff is concededly entitled to maintenance for a period of 53 days. The main point at issue upon this item is the rate at which maintenance shall be computed. The rate for seamen that has long prevailed in this district is about $2.50 per day. The Court, nevertheless, must take note of the increase in living costs, and defendant will be done no injustice if the allowance for maintenance be

fixed at $2.75 per day. At this time, however, plaintiff can have no award for future maintenance. He is now gainfully employed, and whether, if ever, he will submit to an operation upon his hand, is something that no one can now say. Until the Court knows the reasonable possibilities of the future, it can make no determination of the respective rights of the parties upon this score.