### RICH v. NORTH ATLANTIC & GULF S.S. CO.

### No. 197 of 1947.

District Court, E. D. Pennsylvania.

Aug. 17, 1948.

Milton M. Borowsky, of Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Robert Cox and Robert W. Bikle, of Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

GANEY, District Judge.

The libel here alleges a cause of action for maintenance and cure and wages, as well as traveling expenses.

### Findings of Fact.

1. The libellant, an American seaman, age 26, was in the employ of the respondent as a member of the crew of the M. V. Coastal Sparton in the capacity of purser.

2. He had signed shipping articles to serve aboard the vessel for a foreign voyage, the term of which was not to exceed 12 calendar months, at $212.50 per month and found.

3. The shipping articles made provision as follows: "No dangerous weapons or grog allowed and none to be brought on board by the crew".

4. On the 10th day of September, 1946, the vessel was docked in the Port of Cardenas, Cuba, and about seven o'clock of that day a number of officers gathered in the libellant's quarters after dinner preparatory to going ashore when a drink was suggested.

5. The libellant produced a bottle of rum and while trying to open it by striking the bottom of the bottle with his right hand, the bottle broke, causing his left wrist to be cut, severing an artery and four tendons.

6. An improvised tourniquet was applied and he was brought ashore to the Cardenas Clinic where he was treated. Infection set in and several days later on September 14, 1946, he was discharged from the Clinic and advised to proceed to his home and he accordingly secured transportation to Havana by airplane.

7. At Havana he received treatment from a local physician and flew from there to Miami and thence to New York, where he took a train to Philadelphia and arrived home on September 15th.

8. He went directly to his family physician, where he was treated for a period of five weeks and was unable to go to work until the 27th day of December, 1946, by reason of the condition of his hand.

9. The libellant in opening the bottle of rum committed an act of gross indiscretion and the entire circumstance cannot be attributed to "in the service of the ship".

### Conclusions of Law

1. This court has jurisdiction of the parties and the cause of action.

2. Under the law and the evidence the verdict shall be for the defendant.

### Discussion.

 The right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence. Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. The phrase, "in the service of the ship" is resorted to on many occasions by the courts as stated in The Osceola, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; "That the vessel and her owners are liable, in case a seaman falls sick, or is wounded, in the service of the ship, to the extent of his maintenance and cure, and to his wages, at least so long as the voyage is continued."

The question posed here is whether the act of the libellant in opening a bottle of rum in the manner in which he did would entitle him to maintenance and cure for his injuries.

An examination of the cases shows that resort is made by the courts, in denying relief to phrases such as "gross acts of indiscretion", Berwindglen, 1 Cir., 88 F.2d 125, 1937 A.M.C. 347, "wilful misconduct", Paul R. Jackson v. Pittsburgh S. S. Co., 6 Cir., 131 F.2d 668, 1943 A.M.C. 885. In Aguilar v. Standard Oil Co. of New Jersey, 2 Cir., 130 F.2d 154, 155, the court, after reviewing the cases with respect to maintenance and cure, says: "Be that as it may, it is not to be confused with the exception that a seaman forfeits his right

to the cure of injuries suffered even on shipboard, if they are caused by his misconduct. Lortie v. American-Hawaiian S. S. Co., 9 Cir., 78 F.2d 819; The S. S. Berwindglen, 1 Cir., 88 F.2d 125; Barlow v. Pan Atlantic S. S. Corp., 2 Cir., 101 F. 2d 697".

It would serve no useful purpose to recite the many cases covering the right to maintenance and cure on the part of a seaman, but suffice it to say, it is the opinion of this court, that the act of the libellant here, in attempting to open a bottle of rum in the manner in which he did, by pounding the bottom of the bottle with the palm of his hand, was such an act of misconduct, as well as such a gross indiscretion, as to bar recovery for his injuries.