### RICH v. NORTH ATLANTIC & GULF S.S. CO.

#### No. 197 of 1947.

United States District Court,
E. D. Pennsylvania.
April 12, 1949.

Milton M. Borowsky, of Freedman, Landy & Lorry, Philadelphia, Pa., for libellant.

Robert Cox and Robert W. Bikle, of Krusen, Evans & Shaw, Philadelphia, Pa., for respondent.

GANEY, District Judge.

The opinion filed by this Court, dated August 17, 1948, 86 F.Supp. 989, is adopted herein as to each and every Findings of Fact from one to eight, inclusive and Finding of Fact No. 9 is to be stricken and the following Finding made in lieu thereof:

9. The libellant in opening the bottle of rum did not commit such an act of gross misconduct or insubordination as would deny him recovery for maintenance and cure.

Conclusions of Law.

1. This court has jurisdiction of the parties and the cause of action.

2. Under the law and the evidence the verdict shall be for the plaintiff.

Discussion

■ It would serve no useful purpose to recite the numerous cases covering the right to maintenance and cure on the part of a seaman for in reviewing the factual circumstances in themselves, there has been a wide diversity of opinion with respect to interpreting them in the light of the general rule of law that in the absence of "gross acts of indiscretion" and "wilful misconduct", recovery should be allowed. The Berwindglen, 1 Cir., 88 F.2d 125, 1937 A.M.C. 347; Jackson v. Pittsburgh S. S. Co., 6 Cir., 131 F.2d 668, 1943 A.M.C. 885.

■ However, this court reverses its previous finding in the light of William Farrell v. United States of America, War Shipping Administration, Luckenbach S. S. Co. Inc.[1] Here the court says: "In Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107, the Court pointed out that logically and historically the duty of maintenance and cure derives from a seaman's dependence on his ship, not from his individual deserts, and arises from his disability, not from anyone's fault. We there refused to look to the personal nature of the seaman's activity at the moment of injury to determine his right to award. Aside from gross misconduct or insubordination, what the seaman is doing and why and how he sustains injury does not affect his right to maintenance and cure, however decisive it may be as to claims for indemnity or for damages for negligence. He must, of course, at the time be 'in the service of the ship,' by which is meant that he must be generally answerable to its call to duty rather than actually in performance of routine tasks or specific orders".

■ Accordingly, recovery for maintenance and cure is allowed and if counsel are in agreement, an order may be presented and if not, a date set for hearing.

1. No opinion for publication.