**J. S. GISSEL & CO. v. SMITH.**

No. 12335.

Court of Civil Appeals of Texas. Galveston
Jan. 31, 1952.

Rehearing Denied Feb. 28, 1952.

Clarence S. Eastham, Houston, Dan H. Hinds, Alan S. Dale, Houston, of counsel, for appellant.

Mandell & Wright, Houston, Arthur J. Mandell, Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, John R. Smith, against appellant, J. S. Gissel & Company, for the recovery of damages for personal injuries alleged to have been sustained by him while engaged as a member of the crew of the tug San Bernard, and while in the course of his employment on the vessel, which was owned and operated by appellant. The action was brought under Sec. 688, Title 46, U.S.C.A., commonly referred to as the Jones Act. Appellee also sued for maintenance which arose as a result of his injury, under the general Admiralty Law.

The suit arose out of an accident which occurred while the tug San Bernard was enroute from Harbor Island to Houston, Texas, by way of the Intracoastal Canal, pushing two loaded steel oil barges, the Lumen and the Gissel 951, ahead of it. The barges, which were each approximately 195' x 35' x 11', were fastened together by means of two steel wire cross-cables. An eye in the end of one of the cables was placed over a cleat on the starboard or right-hand side of the barge Lumen. The cable was then placed around two starboard bitts near the bow of the Gissel 951 and was then placed back around the cleat on the stern of the Lumen and across to a ratchet which was secured to a short cable. Coupling

lines were also run on each side of the Lumen from the bow bitts on the side of the Gissel to a stern cleat on the side of the Lumen.

Enroute to Houston the Lumen was run aground and it became necessary to remove the cross-cables binding the barges together in order to fasten them more securely. In refastening the barges, under instruction from the officers of the tug, appellee's hand and fingers were caught between the steel cable and the bitt on the barge, crushing his right hand and severing two of his fingers.

In answer to special issues submitted, a jury found that appellant had failed to maneuver the barges so that they would be together while appellee was attempting to place the cable over the bitt; that appellant had required appellee to put the cable over the bitt or bitts without first ascertaining that the barges were securely tied together so as to keep them close to each other, and that such failures were negligence and were the proximate cause of appellee's injuries. The jury found that appellee was inexperienced in putting cables over bitts on barges while the barges were in the open channel. They found that the action of appellant in ordering appellee to put the cable over the bitt or bitts of the barge Lumen was negligence on the occasion in question and was the proximate cause of appellee's injuries.

Based on the jury's verdict, judgment was rendered in favor of appellee in the sum of some $13,000 with interest. The court awarded appellee $500 for maintenance during his disability from his injuries, until February 25, 1949, without prejudice to his right to claim further maintenance beyond that date.

Appellant relies on some 53 points of assigned error for reversal of the judgment entered, in which it contends that there is no evidence, or insufficient evidence, to support the submission of the issues upon which the judgment in appellee's favor is based. It complains of the argument of appellee's counsel and contends that the judgment rendered was excessive.

■ The case of Socony-Vacuum Oil Co. v. Aderhold, Tex.Civ.App., 230 S.W.2d 834, 835, affirmed by the Supreme Court in 240 S.W.2d 751, is an appeal from a judgment for injuries received by a seaman in the course of employment resulting from a shipowner's negligent failure to furnish reasonably safe equipment for its employees. In its opinion this court said, "Under that statute, it seems settled that such a seaman as appellant was may recover for injuries received in the course of his employment resulting from the shipowner's negligent failure to furnish reasonable, safe, suitable, or proper appliances, or equipment." This court held that under the requirements of that Act, it being amendatory of the pre-existing Federal Admiralty Law, the common-law rules do not apply to such relationship of shipowner and seaman in that seamen are bound to use the equipment or appliances which the owners furnish for them to do the particular work with, and, in turn, the owners are, for their part, bound to furnish and maintain equipment and appliances reasonably free from defects, as well as reasonably proper and suitable for the special kind of work being done; in this respect, such employers of seamen, while not insurers of the latter's safety, are bound by the requirements of the Act to a much higher degree of care than is required of employers of mere shore-servants. The court further held that the law was well settled that a seaman could recover for "maintenance and cure" if such injuries resulted in disability. (Citing authorities.)

■ From a careful survey of the evidence adduced in the trial court, we are convinced that the evidence was amply sufficient to sustain the findings of the jury, and that appellee has made out a case under each of the statutes in which his suit is grounded.

■ We have carefully considered all assignments of error presented by appellant in its brief, and, finding no reversible error in the record, the judgment of the trial court is in all things affirmed.