JOHN A. ROEBLING'S SONS CO. OF NEW YORK v. ERICKSON.*

(Circuit Court of Appeals, Second Circuit.   November 12, 1919.)

No. 26.

1. SEAMEN ⬥⇒29(4)—SHIPOWNER LIABLE FOR INJURY TO SEAMAN REGARDLESS OF CONTRIBUTORY NEGLIGENCE. .

The relation of master and seaman is peculiar, and different from the ordinary relation of master and servant, in that a seaman injured without willful misconduct is entitled to expenses of maintenance and cure, and wages to the end of the voyage, whether himself guilty of negligence or not; and where his injury is due to failure of the owner to furnish and maintain a seaworthy vessel, with proper appliances, he may recover full indemnity, and in such case, while his negligence does not prevent recovery, it is to be considered in determining the extent of recovery.

2. SEAMEN ⬥⇒29(1)—SHIPOWNER NOT LIABLE FOR INJURY FROM MASTER'S ADOPTING DANGEROUS METHOD OF WORK.

A shipowner held not liable in damages for injury to a seaman through adoption by the master of a dangerous method of discharging cargo, by directing use of sticks furnished for dunnage only for a purpose for which they were not intended or fitted.

3. SEAMEN ⬥⇒29(5)—ELECTION OF REMEDIES NOT REQUIRED IN ACTION FOR INJURY TO SEAMAN.

In an action at law by a seaman to recover for an injury, he cannot be required to elect between recovery of expenses of maintenance and cure and wages to end of the voyage, to which he is entitled in any event, and a claim for indemnity.

In Error to the District Court of the United States for the Southern District of New York.

Action by Alec Erickson against the John A. Roebling's Sons Company of New York.   Judgment for plaintiff, and defendant brings error.   Reversed.

B. L. Pettigrew, of New York City (Walter L. Glenney, of New York City, and Everett W. Bovard, of Elmhurst, N. Y., of counsel), for plaintiff in error.

S. B. Axtell, of New York City (Arthur Lavenburg, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge.   The plaintiff, an able seaman on the schooner Florence Thurlow, at Ponce, Porto Rico, while taking out the cargo fall from the snatch block, got his hand caught between the fall and the pulley, and permanently injured.   The vessel was discharging heavy sawed logs 30 to 40 feet long from the lower hold to the 'tween-decks and through a square port in the bow to a lighter.

The plaintiff's story is that the discharging had been going on for some days in the usual and safe method, which need not be particularly described, when the master for the sake of speed adopted a new and dangerous one.   He directed the men in the hold to put a stick under the after end of the logs, to hold them up while the fall was being disen-

⬥⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 251 U. S. —, 40 Sup. Ct. 394, 64 L. Ed. —.

gaged from the snatch block, and gave them a defective one, which broke, causing the after end of the log to drop and bring a sudden strain on the fall, which caused the plaintiff's left hand to be caught in the snatch block as above stated. The stick was shipped with a multitude of others like it as dunnage for the logs, and not for any other purpose.

The court required the plaintiff to elect at the trial whether he would stand upon his right to wages and expenses of maintenance and cure to the end of the voyage, or to stand upon his right to indemnity. He elected the latter, on the ground that the master, as vice principal of the owners, ordered the dangerous method of discharging the logs, and that the vessel was unseaworthy because of the defective and unsafe stick selected by him.

The court, over the defendant's exception, denied its motion for the direction of a verdict in its favor, and left to the jury the question whether the master adopted an improper method of discharging the cargo, and whether the stick used was defective, instructing them that, if they so found, the owners were liable, and that, while the plaintiff's contributory negligence, if any, would not prevent him from recovering they should consider such negligence as one of the elements in fixing the amount of his indemnity.

[1] Cases concerning the rights of passengers or of strangers to recover for personal injury on board ship are wholly inapplicable to seamen. The relation of master and seaman is peculiar, and is fully stated by the Supreme Court in The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760, and Chelentis v. Luckenbach Steamship Co., 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171. A seaman injured without willful misconduct is entitled to wages and expenses of maintenance and cure to the end of the voyage, whether himself guilty of negligence or not. His freedom from liability for his own negligence is not a question of remedy at all, but an essential part of the status of the seaman and of the relation of master and seaman. Upon the foregoing general doctrine has been ingrafted, purely out of tenderness for the seaman and upon no principle, an exception that, where his injuries are due to the failure of the owners to furnish and maintain a seaworthy vessel with proper appliances, the seaman may recover full indemnity. The negligence of the seaman in such case does not prevent his recovery, but may be taken into consideration, as the court below held, in determining the extent of indemnity which he should receive.

[2] In this case we must take the plaintiff's story to be true. So far as the unusual and dangerous method of discharging the cargo is concerned that was an improvident order of the master, for which the owners are not liable (Chelentis v. Luckenbach S. S. Co., supra); and so far as the use of the stick is concerned, we also think they are not liable. It was furnished for dunnage of the cargo, and not to be used as the master did. The owners are liable to indemnity when the master fails to keep the ship's appliances in order, which may be an example of what Mr. Justice McReynolds had in mind in the Chelentis Case when he said at page 384 of 247 U. S. (38 Sup. Ct. 504, 62 L. Ed. 1171):

"Section 20 of the Seaman's Act [Comp. St. § 8337a] declares 'seamen having command shall not be held to be fellow servants with those under their authority,' and full effect must be given this whenever the relationship between such parties becomes important. But the maritime law imposes upon a ship owner liability to a member of the crew injured at sea by reason of another member's negligence without regard to their relationship; it was of no consequence therefore to petitioner whether or not the alleged negligent order came from a fellow servant; the statute is irrelevant. The language of the section discloses no intention to impose upon shipowners the same measure of liability for injuries suffered by the crew while at sea as the common law prescribes for employers in respect of their employés on shore."

There would, however, be little security for careful owners if, after furnishing a seaworthy ship and proper appliances, they were still liable for the act of the master in not using the proper appliances furnished, or in using them for purposes for which they were not furnished.

[3] The plaintiff should not have been required to elect whether to stand upon his claim for indemnity, or upon his right to wages and expenses of cure and maintenance to the end of the voyage. To the latter the seaman is entitled under any and all circumstances, except his own willful misconduct. If he recover indemnity, it will be included; but if he claim indemnity, and fail to get it, he is not for that reason to be deprived of his right to wages and expenses of cure and maintenance to the end of the voyage. On the case as it stood the court should have granted the defendant's motion for a verdict in its favor.

The judgment is reversed, and a new trial ordered.