**JORDAN et al. v. PALO VERDE IRR. DIST.**

**No. 9133.**

Circuit Court of Appeals, Ninth Circuit.

June 28, 1939.

W. Coburn Cook, of Turlock, Cal., and Charles L. Childers, of El Centro, Cal., for appellants.

Stewart, Shaw & Murphey and Arvin B. Shaw, Jr., all of Los Angeles, Cal., for appellees.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellee, Palo Verde Irrigation District, has moved to dismiss an appeal from an interlocutory decree which, in a proceeding under chapter 10 (§§ 81–84) of the Bankruptcy Act,[1] confirmed a plan of composition and enjoined appellants, James H. Jordan, J. R. Mason, L. F. Abadie, George F. Covell and First National Bank of Tustin, from commencing or continuing any suit against appellee on account of any indebtedness affected by the plan. The question is whether the appeal was taken in the manner and within the time prescribed by law.

Section 25a of the Bankruptcy Act[2] provides: "Appeals under this Act [title] to the Circuit Courts of Appeals * * * shall be taken within thirty days after written notice to the aggrieved party of the entry of the judgment, order or decree complained of, proof of which notice shall be filed within five days after service or, if such notice be not served and filed, then within forty days from such entry."

The decree in this case was entered on October 7, 1938. A written notice of the decree, dated October 8, 1938, was served on appellants, but no proof thereof was ever filed. Hence, if an appeal, such as this one, from an interlocutory decree in a proceeding under chapter 10 of the Bankruptcy Act is an appeal under the Act, within the meaning of § 25a, the time within which appellants could appeal was 40 days from October 7, 1938.

With respect to interlocutory decrees in proceedings under chapter 10, § 83(e) of the Bankruptcy Act[3] provides: "Either party may appeal from the interlocutory decree as in equity cases." The time within which an appeal from an interlocutory decree in equity may be taken to this court is 30 days from the entry of such decree. Judicial Code, § 129.[4] Hence, if an appeal, such as this one, from an interlocutory decree in a proceeding under chapter 10 of the Bankruptcy Act is an equity appeal, and is not an appeal under the Bankruptcy Act, the time within which appellants could appeal was 30 days from October 7, 1938.

At all times here pertinent,[5] appeals under the Bankruptcy Act were governed, as

---

[1] 50 Stat. 654–659, 11 U.S.C.A. §§ 401–404.

[2] 52 Stat. 855, 11 U.S.C.A. § 48(a).

[3] 50 Stat. 658, 11 U.S.C.A. § 403(e).

[4] 43 Stat. 937, 28 U.S.C.A. § 227.

[5] All proceedings below, including this appeal, were prior to the amendment of Order 36 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, effective February 13, 1939.

to the manner of taking them, by § 8(c) of the Act of February 13, 1925, c. 229,[6] which provided: "No * * * appeal intended to bring any * * * decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made * * *." No form of application or allowance was prescribed. These, usually, were in the form of a petition and order.

At all times here pertinent, equity appeals were governed, as to the manner of taking them, by Rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[7] Rule 73(a) provides: "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment[8] by filing with the district court a notice of appeal. * * *"

■ The "time prescribed" for appealing from an interlocutory decree in equity (Judicial Code, § 129)[9] is 30 days from the entry of such decree. The decree in this case was entered on Friday, October 7, 1938. The thirtieth day thereafter was Sunday, November 6, 1938. Rule 6(a) of the Federal Rules of Civil Procedure provides: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute,[10] the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Sunday nor a holiday. * * *" Computed in accordance with Rule 6(a), the 30-day period mentioned above included Monday, November 7, 1938.

■ The fact, if it be a fact, that the rule of computation prescribed in Rule 6(a) differs from that formerly used in Federal courts, is immaterial. The former rule was itself a court-made rule. Congress never prescribed it. It was, at most, a mere rule of procedure, which the Supreme Court was empowered to change.[11] The suggestion that, in doing so, the Supreme Court exceeded its powers cannot be entertained.

■ This appeal was taken (1) by applying for and obtaining from the District Court an order allowing it and (2) by filing with the District Court a notice of appeal. Being uncertain as to whether they should comply with § 8(c) or with Rule 73(a), supra, appellants complied with both. They applied for and obtained an order allowing the appeal—thus complying with § 8(c)—on October 31, 1938, which was, of course, within the 40-day period mentioned above. Hence, if an appeal, such as this one, from an interlocutory decree in a proceeding under chapter 10 of the Bankruptcy Act is an appeal under the Act, a valid and timely appeal was taken by appellants on October 31, 1938.

■ Appellants filed their notice of appeal —thus complying with Rule 73(a)—on November 7, 1938, which, as we have shown, was within the 30-day period mentioned above. Hence, if an appeal, such as this one, from an interlocutory decree in a proceeding under chapter 10 of the Bankruptcy Act is an equity appeal, and is not an appeal under the Bankruptcy Act, a valid and timely appeal was taken by appellants on November 7, 1938.

Appellee assumes, erroneously, that appellants took two appeals, one on October 31, 1938, one on November 7, 1938. It has, accordingly, filed two motions to dismiss. Actually, appellants took but one appeal. In the taking of it, they did more than was necessary. Whether their unnecessary acts were done on October 31, 1938, or on November 7, 1938, we need not and do not decide. On one or the other of those days —it matters not which—they took a valid and timely appeal.

Motions denied.

---

[6] 43 Stat. 940, 28 U.S.C.A. § 230.

[7] Effective September 16, 1938.

[8] As used in these rules, "judgment" includes a decree or any order from which an appeal lies. See Rule 54(a).

[9] 43 Stat. 937, 28 U.S.C.A. § 227.

[10] Here, if appellee's contention is correct, the "applicable statute" is § 129 of the Judicial Code.

[11] Act of June 19, 1934, c. 651, 48 Stat. 1064, 28 U.S.C.A. §§ 723b, 723c.