## McCARTHY v. AMERICAN EASTERN CORPORATION.

### No. 9797.

United States Court of Appeals
Third Circuit.

Argued May 5, 1949.

Decided June 14, 1949.

Rehearing Denied Aug. 16, 1949.

Charles Lakatos, Phila., Pa. (Abraham E. Freedman, Wilfred R. Lorry, Freedman, Landy & Lorry, of Philadelphia, Pa., on the brief), for appellant.

Thomas E. Byrne, Jr., Phila., Pa. (Timothy J. Mahoney, Jr., Mark D. Alspach, Krusen, Evans & Shaw, Philadelphia, Pa. on the brief), for appellee.

---

[7] Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed. 1026.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The libellant, Jeremiah McCarthy, a seaman, has appealed from the judgment of the district court against him in a suit in admiralty for maintenance and cure and wages, which he brought against the respondent, American Eastern Corporation, the owner of the M. V. Gadsden, in whose service he was injured on June 16, 1947. The libellant had also instituted in the district court at the same time a civil action against the respondent for compensatory damages based upon the unseaworthiness of the vessel and the negligence of her master and crew. The two cases were tried together in the district court, the civil action being submitted to a jury and the suit in admiralty to the trial judge. In the civil action the jury rendered a verdict for $22,500 upon which a judgment was entered which we have today affirmed. 175 F.2d 724.

In the suit in admiralty now before us the trial judge found as a fact that during the course of the trial of the civil action the libellant proved as a part of his damages not only the monetary wage he received, but also the fact that room and board were furnished in addition to his monetary wage. The trial judge also found that the libellant in the civil action recovered damages in an amount adequate to cover not only his loss of monetary earnings but also any loss he might have had by reason of being deprived of his board and lodging in his occupation as a seaman. Concluding that to permit a recovery in the present suit for maintenance would be to award a duplication of compensatory damages, the trial judge directed the entry of the judgment for the respondent which is the subject of the present appeal. The libellant claimed no medical expenses and he did not press his claim for wages in this admiralty suit. Upon this appeal he contends, however, that the court should have awarded him in this suit the cost of his maintenance regardless of the verdict recovered in the civil action. We think that the district court rightly held that under the circumstances here present the libellant was not entitled to an award for maintenance in this suit.

It appears from the statements of counsel at our bar that before the trial of the two suits was begun in the district court the libellant's attorney requested the trial judge to instruct counsel not to mention or refer to maintenance and cure or the fact that the libellant had instituted the present suit against the respondent to recover those items. Thereupon the trial judge did instruct counsel not to mention these matters in the hearing of the jury. The record shows that in the course of the trial the libellant proved not only the amount of his monetary wage of $185.50 per month as a member of the crew of the Gadsden but also testified that his wage included room and board in addition to the monetary amount. At the specific request of the libellant the trial judge charged the jury in the civil action that their verdict should include a sum of money sufficient to compensate the libellant for such loss of earnings as he might have sustained in the past, as well as for such loss of earnings as they should find he might sustain in the future by reason of his injuries suffered aboard the Gadsden.[1]

Since the evidence established that the libellant's wages included not only cash but also room and board, it is clear that the amount of the damages which he sought from the jury in the civil action included not only the cash wages lost by reason of his injuries but also the cash value of the board and lodging which he would have received had he remained in the employ of the respondent as a seaman aboard the Gadsden. By taking steps to see that the

[1] The trial judge qualified this instruction with the statement that if the jury should find the libellant guilty of contributory negligence the amount of damages awarded to him should be reduced proportionately. However, in answer to an interrogatory submitted by the trial judge the jury specifically found that the libellant was not guilty of contributory negligence. Hence questions which might have arisen as a result of the diminution of the damages by reason of contributory negligence are not in the case.

jury did not learn that he was claiming maintenance in another suit, the one now before us, he did what he could to prevent the possibility of that fact from operating in the minds of the jury as a basis for excluding the value of board and lodging from their verdict. The libellant's present claim is for maintenance during the periods of time, aggregating 133 days, that he was not otherwise employed between the date of his discharge from the Gadsden and the date of the trial. At the agreed rate of $3.50 a day this claim would amount to $465.50. As we have seen, the libellant recovered in the civil action a verdict and judgment amounting to $22,500. It is not suggested that this amount is inadequate to indemnify him in full for his loss of wages and board and lodging, for his loss of earning power and for his pain and suffering. It is clear, therefore, that he has thereby recovered the value of the maintenance which he is claiming in the present suit.

On this appeal the libellant seeks to avoid that conclusion by asserting that there is a legal distinction between a seaman's "keep" on board ship to which he is entitled as a part of his wages and the "maintenance" to which, if injured, he is entitled at the expense of the ship and her owner. We think, however, that the two are the same in so far as their character and monetary value are concerned. For an injured seaman is entitled to the same maintenance as other seamen while at sea and the maintenance to which he is entitled after leaving the ship during the time needed for treatment and cure is under the maritime law the equivalent of that ordinarily furnished a seaman at sea.[2] It follows, therefore, that when an injured seaman recovers full damages in an action for indemnity based upon unseaworthiness and negligence in which he has claimed loss of wages including the value of the board and lodging which form part thereof and medical expenses, if any, he has thereby recovered the maintenance and cure to which he is entitled up to the time of trial, at least.[3]

While the recovery by an injured seaman of a judgment for maintenance has been held not to bar a subsequent suit by him for indemnity upon the ground of unseaworthiness or negligence[4] it does not follow that a particular item of his claim, such as maintenance, if recovered in one suit, may again be recovered in another. For in the admiralty as elsewhere in the law a litigant may not recover compensation for a single claim more than once.[5] The ancient rule in the admiralty that the vessel and her owner must provide an injured seaman with maintenance was intended to assure him three meals a day and a bed in which to sleep during his treatment and convalescence. There is no basis in logic or law for assuming that he may ask for six meals a day or twin beds, however.

We are not here deciding that the strict rules of res judicata are applicable to this situation, so that an injured seaman is required to claim his maintenance in his suit for indemnity under the maritime law and the Jones Act, 46 U.S.C.A. § 688, if he first

---

[2] Harden v. Gordon, C.C.D.Me.1823, 11 Fed.Cas.No.6,047; The Bouker No. 2, 2 Cir., 1917, 241 F. 831, 835, 836, certiorari denied Jones v. Bouker Contracting Co., 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529; Calmar S. S. Corp. v. Taylor, 1938, 303 U.S. 525, 528, 58 S.Ct. 651, 82 L.Ed. 993.

[3] John A. Roebling's Sons Co. of New York v. Erickson, 2 Cir., 1919, 261 F. 986, certiorari denied Erickson v. John A. Roebling's Sons Co. of New York, 252 U.S. 585, 40 S.Ct. 394, 64 L.Ed. 729; Seely v. City of New York, 2 Cir., 1928, 24 F.2d 412; Krey v. United States, 2 Cir., 1941, 123 F.2d 1008. But whether the recovery of full damages in an indemnity action could be regarded as involving the recovery of maintenance and cure for a period subsequent to the trial is a different question. In Calmar S. S. Corp. v. Taylor, 1938, 303 U.S. 525, 530, 58 S.Ct. 651, 82 L.Ed. 993; the Supreme Court held that the award of a lump sum in anticipation of the continuing need of maintenance and cure for life or an indefinite future period is without support in the law and erroneous.

[4] Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

[5] Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 1939, 105 F.2d 604, certiorari denied Lykes Brothers-Ripley S. S. Co. v. Smith, 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505; Muise v. Abbott, 1 Cir., 1947, 160 F.2d 590.

brings such a suit. That case is not before us, since here the libellant did claim the equivalent of his maintenance in his civil action for damages. Nor are we deciding whether if the injured seaman should claim the equivalent of his maintenance in his action for damages but fail to recover a verdict therein he will thereby have lost his right to recover maintenance. It may be noted, however, that it has been said by the Court of Appeals for the Second Circuit that under such circumstances a seaman is not deprived of his right to recover his maintenance in a subsequent suit.[6]

The judgment of the district court will be affirmed.

---

[6] John A. Roebling's Sons Co. of New York v. Erickson, 2 Cir., 1919, 261 F. 986, certiorari denied, Erickson v. John A. Roebling's Sons Co. of New York, 252 U.S. 585, 40 S.Ct. 394, 64 L.Ed. 729.