**James LABENZ**

v.

**NATIONAL SHIPPING AND TRADING CORPORATION.**

No. 33 of 1954.

United States District Court
E. D. Pennsylvania.

April 24, 1957.

Paul M. Goldstein, Stark and Goldstein, Philadelphia, Pa., for James Labenz.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa., for National Shipping & Trading Corp.

VAN DUSEN, District Judge.

In this maritime contract action, libellant (an able seaman and crew member of the Captain N. B. Palmer, which was owned, operated and controlled by respondent during 1953) seeks wages and maintenance and cure as a result of personal injuries and disability [1] alleged to have been sustained aboard that ship on August 25, 1953. Since the filing of respondent's motion to dismiss the action, libellant has stipulated that on November 15, 1953, he was paid maintenance for the period up to and including October 12, 1953, and that he makes no claim for maintenance for the period from October 27, 1953, to December 29, 1953. However, the motion to dismiss the action must be denied, since libellant is entitled to an opportunity to prove his claim for

---

1. It is alleged that such disability "continued after he left the vessel," presumably even after the filing of the libel on January 21, 1954.

maintenance and wages for the following periods:

■ (a) October 13, 1953 to October 27, 1953.

The fact that the U. S. Public Health representatives gave libellant a fit-for-duty slip on October 12, 1953, does not preclude him from an opportunity to show he was not in fact under disability during this period.[2]  See Lipscomb v. Groves, 3 Cir., 1951, 187 F.2d 40.

■ (b) Period subsequent to February 19, 1954.[3]

The foregoing makes it unnecessary to pass on respondent's contention that the receipt by libellant of maintenance for the period from December 29, 1953, to February 19, 1954, and of wages for the period December 29, 1953, to January 24, 1954, precludes his claim for maintenance and wages during these periods.[4]

However, the cases cited by respondent on page 4 of its brief are inapplicable to this situation, where, as to the periods stated in the foregoing sentence, libellant is bringing this action on behalf of the owner of S.S. Badger Mariner.[5]  Apparently, respondent concedes that if there has been an assignment to libellant of the Badger Mariner claim, an appropriate amendment of the libel would permit recovery in this action.[6]  Since the United States Court of Appeals for the Third Circuit has emphasized the desirability of a person such as libellant being kept free of economic pressure through prompt payment of maintenance and cure,[7] this court should not be alert to penalize libellant for the course followed in this case which has hastened the receipt by him of the maintenance, wages and transportation costs listed in the affidavit mentioned in footnote 4 above.

2. Cf. page 18 of libellant's deposition, saying that he "still had trouble" on October 12, 1953.

3. If libellant was in fact disabled during this period, his reshipment and subsequent shore employment do not prevent him from having an opportunity to prove his claim for this period.  See Loverich v. Warner Co., 3 Cir., 1941, 118 F. 2d 690, certiorari denied 1941, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535.

4. On October 27, 1953, libellant shipped on the S.S. "Badger Mariner" but claims the back injuries received on respondent's ship persisted, resulting in his being declared unfit for duty on December 28, 1953, by the U. S. Public Health representatives on the west coast.  The owners of the S.S. "Badger Mariner" paid libellant the maintenance and wages for these periods on the understanding that "you will continue to prosecute your action against the owners and/or operators of the S.S. 'Captain N. B. Palmer', and that in the event there is a recovery and/or settlement consummated including the items as set forth in your letter of November 16, 1956, we will be reimbursed in that amount on behalf of

the United States as owner of the 'Badger Mariner'."  See letter of 3/22/57 attached to affidavit filed 3/29/57.

5. Libellant is not trying to recover maintenance and cure for himself a second time in this action (see footnote 4 above), which was the point involved in such cases as McCarthy v. American Eastern Corporation, D.C.E.D.Pa.1948, 81 F. Supp. 612, 614, affirmed 3 Cir., 1949, 175 F.2d 727, 729, and Muise v. Abbott, 1 Cir., 1947, 160 F.2d 590, 592.  Respondent's and libellant's briefs have been placed in the Clerk's file for the information of any judge considering this matter in the future.  Respondent's letter of March 29, 1957, on this point is being attached to this opinion.

6. See last sentence of third paragraph of letter of 3/29/57 attached hereto.  As to the existence of an oral assignment, see affidavit filed 3/29/57, referred to in footnote 4 above.  It would seem that libellant should give careful consideration to the possibility of amending the libel in the light of this affidavit.

7. See Luth v. Palmer Shipping Corp., 3 Cir., 1954, 210 F.2d 224, 229, and cases there cited.