Ramon P. MEIRINO

v.

GULF OIL CORPORATION.

No. 345 of 1956.

United States District Court
E. D. Pennsylvania.
Jan. 13, 1959.
As Amended Feb. 9 and 13, 1959.

Wilfred R. Lorry, Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Robert Cox, Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

EGAN, District Judge.

This action is brought by libellant, Ramon P. Meirino, to recover mainte-

nance and cure for injuries he sustained aboard respondent's vessel, S.S. Gulflight on May 19, 1956 at Puerto LaCruz, Venezuela. The evidence upon which this case will be decided is the same as that presented in libellant's civil action for damages under the Jones Act, 46 U.S. C.A. 688, which was tried before this Court and a jury. (C.A.No. 21429)

It is urged by the respondent that the effect of the jury verdict in the civil action for the defendant is to preclude recovery for libellant in this admiralty action. We do not agree with this contention for several reasons.

■ First, the claims for maintenance and cure and for injuries resulting from negligence or unseaworthiness are distinct and separate. Maintenance and cure arise from a contractual duty of the shipowner, independent of any right to recover for injury caused by negligence or unseaworthiness. Watson v. Letitia Lykes, D.C.S.D.Cal.1955, 135 F.Supp. 933, Pacific S.S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.

■ Since the civil action was tried to a jury on the theory of negligence and unseaworthiness, a verdict for the defendant still would not bar maintenance and cure because it is only necessary that the injuries occur in the service of the ship and respondent does not have to prove culpability on the part of the shipowner. See The Mars, 3 Cir., 149 F. 729. Also, seamen have recovered maintenance and cure for injuries sustained upon land while still in the service of the vessel. Warren v. United States, 340 U.S. 523, 71 S.Ct. 432, 95 L.Ed. 503.

Secondly, respondent urges that the verdict of the jury was an acceptance of its defense that the injuries were caused solely by libellant's misconduct and intoxication. However, since there were no special interrogatories addressed to the jury, the Court does not know upon what basis the jury reached a verdict for the defendant. They may have believed there was no negligence or unseaworthiness, or, on the other hand, that the injuries were caused solely by the conduct of the libellant himself. Since this admiralty action, as stated before, is separate and distinct, the Court can make its own independent findings of fact and conclusions of law.

There seems to be no dispute that libellant was injured when he fell down a ladder on the ship. However, respondent urges that libellant has forfeited his right to maintenance and cure because of his own acts of gross misconduct or deliberate indiscretions on his part.

■ There is a dispute as to the facts of libellant's condition prior to the accident and the other events leading up to it. Respondent alleges that libellant was "fighting drunk" and had threatened to kill the chief steward. These are certainly serious allegations. Yet there is no entry in the log book charging him with these acts. Instead, the log book states that libellant's conduct was very good. In resolving the conflicting views as to libellant's conduct, we find that libellant was not in such a state of intoxication at the time of the accident as to bar his right to maintenance and cure.

Respondent also states that the subsequent conduct of libellant while an inpatient at the Mine-Grande Hospital resulted in a forfeiture of his right to maintenance and cure because they allege libellant rejected necessary treatment and refused to remain in the hospital and that he was discharged therefrom against the advice of the doctor. Of course, libellant denies any voluntary rejection of hospital care on his part and states that he left the hospital because an agent of the company stated that they were going to take him home to the United States for free treatment. Again, in resolving this conflict, we find that the libellant did not forfeit his right to maintenance and cure when he left the Mine-Grande Hospital in Venezuela.

■■ Since we have found that libellant is entitled to maintenance and cure, there is still a question as to the length of time for which he is entitled to re-

cover. The rights to maintenance and cure exist not only during the voyage but continue after, until the disabled seaman has been so far cured as possible. See Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850. The fact that libellant returned to work because of economic necessity while he was in need of medical care and attention does not deprive him of his right to maintenance and cure. See Yates v. Dann, 3 Cir., 1955, 223 F.2d 64. Further, merely because libellant was issued a fit-for-duty slip does not preclude him from showing that he was under a disability during that period. See Labenz v. National Shipping & Trading Corporation, D.C. E.D.Pa.1957, 153 F.Supp. 785.

As a result of the fall on May 19, 1956, libellant suffered a fractured skull and a cerebral concussion and contusion, followed by the usual accompanying post traumatic complaints of headaches and dizziness. There was medical testimony as to other physical conditions of the libellant and also as to the possibility of cure and the duration of libellant's condition. Therefore, in evaluating all of the medical testimony, we find that libellant had reached his maximum cure on May 13, 1958 when he was re-examined by Doctor Sall, his own expert medical witness.

Libellant is entitled to maintenance and cure for the following periods of time:

(1) June 17, 1956 to July 12, 1956;

(2) September 1, 1956 to November 20, 1956;

(3) December 15, 1956 to December 28, 1956;

(4) August 13, 1957 to August 17, 1957;

(5) October 28, 1957 to November 25, 1957;

(6) April 18, 1958 to May 13, 1958.

Respondent is given credit for a partial payment for $1,040. Therefore, libellant is entitled to maintenance and cure for 51 days at $8 per day for a total of $408.

The above opinion constitutes the Court's findings of fact and conclusions of law. Fed.Rules Civ.Proc. Rule 52(a), 28 U.S.C.A.

Counsel will submit an appropriate form of order.