Curtis WILLIAMS

v.

The OFFSHORE COMPANY and Fidelity & Casualty Company of New York.

Civ. A. No. 10382, Division "C".

United States District Court
E. D. Louisiana,
New Orleans Division.
March 25, 1963.

Donald Hammett, Hammett, Leake & Hammett, New Orleans, La., for plaintiff.

A. R. Christovich, Jr., of Christovich & Kearney, New Orleans, La., for defendants.

WEST, District Judge.

The plaintiff in this suit sought recovery for personal injuries first, under the Jones Act, secondly, under the General Maritime Law for unseaworthiness of the vessel on which he was employed, third, for maintenance and cure, and, fourth, in the alternative, for recovery under the State Workmen's Compensation Act. The case was tried to a jury on January 7 and 8, 1963, after which the jury found that the plaintiff was, in fact, a seaman working aboard a vessel at the time of his accident. They further found that the vessel was unseaworthy, and that the unseaworthiness of the vessel was the proximate cause of plaintiff's injury. They further found that the defendant was not negligent, and that the plaintiff was not negligent. A verdict was thus rendered by the jury in the amount of $30,000 against the defendant and in favor of the plaintiff.

At the time of the trial, the question of whether or not the plaintiff would be entitled to a recovery for maintenance and cure was reserved for decision by the Court, if necessary. Plaintiff now contends that even though he was awarded the sum of $30,000 by the jury under his unseaworthiness claim, that he is nevertheless entitled to an additional award for maintenance and cure during the time of his illness. The plaintiff contends that the fact that he did not live aboard the vessel at the time of his injury does not bar him from seeking recovery for maintenance and cure, and he cites respectable authority for that proposition. This Court does not take issue with that contention. But the facts of this case show that all expenses of medical treatment and cure were paid by the defendants, and that there is simply no cost of cure remaining to which the plaintiff could possibly be entitled.

As to the question of maintenance and lost wages, the Court feels that these items were definitely included by the jury in the award which it granted to the plaintiff. In instructing the jury as to how they should estimate damages, the Court said:

"In estimating damages, you may take into consideration pain and suffering which the plaintiff has undergone, any physical injury that he sustained, including any residual or permanent disability, any impairment that he had or has insofar as making his living is concerned. You may consider his loss of wages or any other benefits that he might have lost. However, all of those items must be proved to your satisfaction by a preponderance of the evidence * * *. I think in this case there was no medical expense proved. All medical was paid, as I recall, there was no evidence of any kind as to any medical expense. That is not an item of damages in this case, unless there was an indica-

tion of future medical expense to be incurred."

There was evidence presented at the trial concerning plaintiff's lost wages and concerning the question of other possible benefits, such as maintenance, to which he might have been entitled as a part of his wages. Even though, in the Court's opinion, the evidence did not show that the plaintiff was entitled to any such additional benefits whatsoever, as a part of his wages, nevertheless, the jury did have that question before them for their consideration. The award made by the jury in this case was certainly ample to cover all of the plaintiff's losses and damages resulting from this injury, including any amount that he might have been entitled to for maintenance. In view of the Court's instructions to the jury, it must be assumed that the jury did consider all of these elements in arriving at its award. It is the opinion of this Court that to permit the plaintiff any additional recovery for maintenance in this case would be simply to award a duplication of compensatory damages. McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 727. Plaintiff's demand for an award of maintenance and cure in addition to the jury award previously made is therefore denied, and judgment should be recorded accordingly.

### SUPPLEMENTAL REASONS AMENDING JUDGMENT PREVIOUSLY RENDERED

■ This case, involving a claim for personal injuries and maintenance and cure under the General Maritime Law and under the Jones Act was tried to a jury on January 7 and 8, 1963. The jury, finding the plaintiff to be a seaman, and a member of the crew of a vessel in navigation, and finding the vessel to have been unseaworthy at the time of the accident complained of, found for the plaintiff in the sum of $30,000, after which the Court ordered judgment entered accordingly. At that time, the Court reserved to itself the determination of plaintiff's claim for maintenance and cure, and on March 22, 1963, in accordance with written reasons assigned, denied plaintiff's right to recover on his claim for maintenance and cure. It was the Court's opinion that the jury, in its award, had included everything to which the plaintiff was entitled, including maintenance and cure.

Since the rendition of those reasons and judgment, it has been called to the Court's attention that during the trial of this case it was stipulated that respondents had, prior to trial, and as a result of the same accident here involved, paid to the plaintiff the sum of $5,230, representing payments under the Workmen's Compensation Laws of the State of Louisiana at the rate of $35 per week for a period of 149⅗ weeks. Respondents contend that the Court failed to take these payments into account when judgment was rendered, and that they, respondents, are entitled to a credit in this amount against the $30,000 jury verdict, and that the judgment should now be amended accordingly. Plaintiff disagrees with this contention.

It is the opinion of this Court that the respondents are entitled to a credit for the workmen's compensation payments previously made to the plaintiff. The jury had before it for its consideration all elements of damage involved, including maintenance and cure. It must be assumed that they, the jury, properly considered all of these elements of damage and that they made their award based thereon. To allow plaintiff to recover the full amount of the jury award of $30,000, and also to retain the $5,230 previously paid by respondents under the Workmen's Compensation Laws of the State of Louisiana, would result in an improper duplication of payment to the plaintiff for the same injury. McCarthy v. American Eastern Corp., 3 Cir., 175 F.2d 727.

The judgment previously rendered in this matter should be amended accordingly.