## THE CITY OF AVALON.
### No: 11271.

Circuit Court of Appeals, Ninth Circuit.
June 25, 1946.

As Amended on Denial of Rehearing
Aug. 6, 1946.

David A. Fall, of San Pedro, Cal., for appellant.

Lasher B. Gallagher, of Los Angeles, Cal., for appellees.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree in admiralty denying to Reskusich recovery for food necessary for maintenance during the period of his disability from an injury while on a fishing voyage on the above libeled vessel and holding that libelee owner could deduct from the share of the catch of a fishing season on the vessel of Reskusich's employment the social security and withholding tax. The district court allowed for maintenance only appellant's cost for lodging.

Appellee claims that because while on the vessel appellant paid for his own food, he should not be allowed anything for his meals during his disability, relying on the statement in Calmar Steamship Co. v. Taylor, 303 U.S. 525, 526, 58 S.Ct. 651, 653, 82 L.Ed. 993, that "the maintenance exacted is comparable to that to which the seaman is entitled while at sea." We do not agree. This statement means no more that that an injured man during his disability is to be maintained in no better or worse condition than at sea. The pur-

pose of the historic implied contract[1] to maintain an injured seaman arises from his helplessness during his injury, a right "every court should watch with jealousy" to maintain. Story, J., in Harden v. Gordon, 11 Fed.Cas. 480, No. 6047.

In this trial de novo, appellee offered in evidence the decree in a libel proceeding by appellant against appellee in which appellant was awarded damages for the injury sustained by him, asserting that the libel's claims for recovery were broad enough to cover the maintenance claim urged in this case and hence that appellant could not recover here. Appellee cited Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 141 F.2d 396. That case holds that if maintenance and cure are actually awarded in a prior proceeding for personal injuries, they will not be awarded a second time in a suit for maintenance and cure. In the instant appeal the district court considered the issue on maintenance and cure and decreed it before deciding the libel for personal injuries. The transcript of the testimony in the personal injury libel shows that maintenance was not there considered or included in the award. There is no merit in this contention of appellee that the maintenance claim now here is res judicata.

We hold that appellant is entitled to a decree for $3.50 per day for his maintenance from December 27, 1943, to June 12, 1944.

Appellant was employed on the vessel on a lay of a percentage of the catch. The agreement also provided that if he were disabled his compensation should not be confined to the catch up to the time of the injury, but should include a share of the catch for the remainder of the season. This was decreed him, less the withholding tax.

Appellant claims that because he ceased employment before the amount of the additional compensation could be determined, it was not earned while he was an employee of the vessel owner and hence it was not wages. There is no merit in this contention. The added amount was earned by his employment up to the day of dis-

ability. It was then a fixed obligation of the employer, though undetermined in amount. We affirm the holding of the district court that the compensation was wages within Subdivision (a) of Section 1426 of 26 U.S.C.A., Int.Rev.Code, with reference to the social security tax defining "wages" as follows: "The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash; * * *."

We order the entry of a decree for increased maintenance, as indicated, and affirm the withholding of the social security and withholding taxes.

---

1 Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368.