## MUISE v. ABBOTT.
### No. 4190.

Circuit Court of Appeals, First Circuit.
April 9, 1947.

A. L. Kaplan, of Boston, Mass., for appellant.

Sumner H. Babcock, of Boston, Mass. (Seymour P. Edgerton, Austin S. Ashley, and Bingham, Dana & Gould, all of Boston, Mass., of counsel), for appellee.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a decree in a cause civil and maritime brought by a seaman for maintenance care and cure.[1] The question presented is whether the appellant has already been paid the amounts he here seeks to recover, either in full or in part, by the payment to him of $5,500 in settlement of an action at law which he brought against a third party to recover damages for the same personal injuries alleged to have given rise to the liability asserted in this libel. The facts necessary for our decision can be very briefly stated.

The libellant-appellant, a fisherman and member of the crew of the fishing schoon-

---

[1] "Cure" as here used does not, of course, mean a positive cure, which obviously in some cases may be impossible, but care in the sense of necessary medical and nursing attention for a reasonable time. The Bouker, No. 2, 2 Cir., 241 F. 831, 835, certiorari denied 245 U.S. 647, 38 S.Ct. 9, 62 L.Ed. 529, and cases cited; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 528, 58 S.Ct. 651, 82 L.Ed. 993.

er American of which the respondent-appellee was the managing owner, was seriously injured in a fall into an unguarded hole of some sort in a wharf to which the American was tied up while discharging a cargo of fish. At the time of this accident the appellant was returning to his ship for the night after an authorized evening ashore. He subsequently brought an action at law sounding in tort against the owner of the wharf, and this action was settled in advance of trial by the payment of $5,500 to the plaintiff therein, the appellant here, and the execution by him of a general release discharging the wharf owner in sweeping terms from all claims and demands of every nature, present and prospective, known and unknown, arising out of the accident. A judgment for the plaintiff in conformity with the agreement of the parties was then entered in that action, and thereupon the appellant brought the instant libel for maintenance and care.

The appellant contends that his injury gave rise to two separate and distinct causes of action; a right as an ordinary individual to proceed at law against the owner of the wharf for the latter's negligence, and a right as a seaman to proceed in admiralty against his employer for maintenance and care, with the result that his recovery in his action at law can have no effect whatever upon his right to recover here. Therefore he says that in this libel he is entitled to recover the cost of his medical and hospital care which he says amounted to $1,039.78, plus the fair value of his maintenance during the period of his convalescence after his discharge from the hospital, which it is stipulated amounted to $910, or $1,949.78, without any diminution at all on account of his previous recovery against the wharf owner. The respondent on the other hand takes the position that since the cost of the appellant's maintenance and care was a proper element of damage in his action at law against the owner of the wharf, and not only could have been but also in fact was included in the amount paid him in settlement of that action, the appellant has already been fully compensated for his entire loss and therefore can recover nothing in this libel against his former employer.[2]

The court below did not adopt either of these contentions. It held that the release and judgment in the appellant's action at law against the wharf owner did not prevent him from maintaining the instant libel, but that as libellant herein he could recover only to the extent that he had not already been compensated in that action at law. That is to say, the court below held that the appellant was entitled to be fully compensated once, but only once, for his injuries, and that whether or not he had obtained full compensation from the tort-feasor whose negligence caused his injury was a question of fact. Then it found that in fact the entire cost of the appellant's care amounting to $1,039.78 had been included in the $5,500 paid in settlement of the action at law, and that $408.16 of his stipulated maintenance of $910 had also been included therein. The basis for these findings was a certain letter written by appellant's counsel to counsel for the wharf owner proposing settlement of the action at law in which the appellant's medical and hospital expenses were specifically set out as $1,039.78, his earnings for the year preceding the accident as $2640 plus approximately $300 for food consumed, and his earnings lost by reason of his injury as approximately $4,000. The court below arrived at $408.16 as the amount of the appellant's maintenance included in the $5,500 paid in settlement of his action at law by determining the percentage of the appellant's gross wages for the year preceding the accident which had been paid in food (10.204%) and then taking the same percentage of the gross wages alleged to have been lost by reason of the accident— the court's assumption being that the ratio of wages paid in food to wages paid in money would remain constant. Therefore it gave the appellant judgment in the amount of the difference between $910 and $408.16, or $501.84, and he thereupon took this appeal.

■■ It has been the rule since ancient times that if a seaman, absent some wilful

2 We pass the question of the respondent's right to make this contention in the absence of an appeal on its behalf.

misbehavior or deliberate act of indiscretion on his part (Aguilar v. Standard Oil Co., 318 U.S. 724, 731, 63 S.Ct. 930, 87 L.Ed. 1107), falls sick or is injured in the service of his ship he is entitled to his wages until the termination of his contract of employment, and to his maintenance and care not only during the agreed term of his employment but also thereafter for at least a reasonable time—what constitutes a "reasonable time" depending upon the special circumstances of each case. The Osceola, 189 U.S. 158, 169 et seq., 23 S.Ct. 483, 47 L.Ed. 760; The Iroquois, 194 U.S. 240, 24 S.Ct. 640, 48 L.Ed. 955; Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 et seq., 58 S.Ct. 651, 82 L.Ed. 993. This right of the seaman does not rest upon proof of any culpability or legal fault on the part of the owner or master, but arises from the contract of employment. Calmar S.S. Corp. v. Taylor, supra, 303 U.S. 527, 58 S.Ct. 651, 82 L.Ed. 993: "In short, the right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative." Pacific Steamship Co. v. Peterson, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220. And the right, at least as to maintenance and care, i. e., maintenance ashore of a quality comparable to that to which the seaman is entitled while at sea, and the fair value of the nursing and medical care required, both for such time as the right continues (Calmar S.S. Corp. v. Taylor, supra, 303 U.S. 528, 58 S.Ct. 651, 82 L.Ed. 993), arises even though the seaman's injury was not received on shipboard but happened when he was traversing an area between his moored ship and the public streets by an appropriate route when going on or returning from shore leave. Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

 Thus it is true that the appellant's injury endowed him with two separate causes of action: one sounding in tort against the wharf owner for alleged negligent maintenance of its premises, and another sounding in contract against the ship owner for maintenance and care. From this it follows that the appellant's release of the wharf owner cannot enure to the benefit of the ship owner (See Jones v. Waterman S.S. Corp., 3 Cir., 155 F.2d 992, 996) since they were not joint tortfeasors. But it does not follow from this, as the appellant contends, that he can recover full damages in both of the actions available to him. The reason for this is that the damages recoverable in each action to some extent overlap, and the rule prevails in admiralty as elsewhere in the law that no one may recover compensatory damages more than once. Smith v. Lykes Bros., etc., Corp., 5 Cir., 105 F.2d 604, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505; Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 141 F.2d 396; The City of Avalon, 9 Cir., 156 F.2d 500.

But it does not follow as a necessary consequence from the foregoing, as the respondent contends, that the appellant can recover nothing in this libel for the reason that in his action at law against the owner of the wharf he might have recovered his maintenance as an element or fractional part of the gross wages he lost by reason of his injury. This is for the reason that the rights of action given to the appellant are not inconsistent, with the result that he was required to elect between them, but instead as already pointed out are "consistent and cumulative". Hence he was free to pursue either to satisfaction, (The Rolph, 9 Cir., 299 F. 52, 55) including satisfaction of any or all of the elements of damage common to both, his right to recover in either being limited only by the rule preventing double recovery of compensatory damages.

Thus the court below correctly concluded that the question in this case is the extent to which the appellant received compensation for maintenance and care in his action at law. Smith v. Lykes Bros., etc., Corp., 5 Cir.; 105 F.2d 604, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505. Finding no error in the determination of that question below

The judgment of the District Court is affirmed.

MAGRUDER, Circuit Judge, concurs in the result.