**BARBER S. S. LINES, Inc. v. QUINN BROS., Inc.**

Civ. A. No. 50-409.

United States District Court
D. Massachusetts.

Nov. 27, 1950.

Thomas H. Walsh, Boston, Mass., for plaintiff.

Joseph P. Rooney, L. P. Manning, Boston, Mass., for defendant.

FORD, District Judge.

■■ Defendant's motion to dismiss is based on the contention that any recovery by plaintiff would be barred by the common law principle that there can be no indemnity or contribution between joint tort-feasors. Defendant conceives the question as one governed by the law of New York. It is true that the action is one arising from a tort, and hence is to be governed by the law of the place of the tort. But the tort alleged here is a maritime one, and hence it is to be governed not by the common law of any state, but by the general maritime law, as interpreted and applied by the courts of the United States. Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 40 S. Ct. 438, 64 L.Ed. 834; Seas Shipping Co., Inc., v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L Ed. 1099; Jansson v. Swedish American Line, 1 Cir., 185 F.2d 212; Thorneal v. Cape Pond Ice Co., 321 Mass. 528, 74 N. E.2d 5.

■■ Under the maritime law defendant's contention must fail. Even assuming that plaintiff here is a tort-feasor not entitled to full indemnity, the principle of contribution among joint tort-feasors, either by equal division of damages, or on the basis of comparative negligence is a familiar concept of maritime law. American Stevedores, Inc. v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011 and cases there cited. This principle has been applied not only to cases of injury of property but also to cases of personal injury arising out of maritime torts, and in particular to situations in which indemnity or contribution was sought in cases involving personal injuries to stevedores. Barbarino v. Stanhope S. S. Co., 2 Cir., 151 F.2d 553, 555; Baccile v. Halcyon Lines, D.C., 89 F.Supp. 765, 1950 A.M.C. 923.

■■ However, even if this action were governed by common law rather than maritime law, a dismissal at this stage of the case would be improper. First of all, it does not follow from the fact that plaintiff here was liable to Onorato, the injured stevedore, that plaintiff was itself guilty of any fault. Such liability may have been grounded not on any negligence of plaintiff, but on its absolute duty to furnish the stevedore with a seaworthy vessel on which to work. Seas Shipping Co., Inc. v. Sieracki, supra. Moreover, negligence on the part of the plaintiff, making it a tortfeasor, would not defeat recovery of indemnity in every case. Although indemnity is barred where the parties are joint tortfeasors in *pari delicto,* it may be recovered when the tort-feasor seeking indemnity is not in *pari delicto,* e. g., where its negligence can be considered secondary or merely passive, rather than primary and active. Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A., N.S., 1147; Washington Gas Light Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; Standard Oil Co. (New Jersey) v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182; Gray v. Boston Gaslight Co., 114 Mass. 149; Inhabitants of Lowell v. Boston & Lowell R. R. Corp., 23 Pick., Mass., 24. Plaintiff's right to indemnity would thus depend upon whether it was negligent, and if so, upon the nature of its negligence. This can be

determined only when all the facts have been brought out and the case should therefore go to trial.

Motion to dismiss is denied.