## LA FONTAINE v. THE G. M. McALLISTER et al.

United States District Court
S. D. New York.
Dec. 17, 1951.

Bouvier & Beale, New York City, (Edward F. Cummerford, New York City, of counsel), for libelant.

Purdy, Lamb & Catoggio, New York City, (Thomas J. Irving, New York City, of counsel), for respondents.

WEINFELD, District Judge.

Libelant in a prior action at law instituted under the Jones Act, 46 U.S.C.A. § 688, recovered a verdict against respondent (there the defendant) for injuries suffered on April 2nd, 1947. No cause of action for maintenance and cure was pleaded, nor was the jury charged as to maintenance and cure.[1]

---

1. Upon the trial, defendant's attorney stated: "There is no claim for maintenance and cure here." Record, page 78.

In practice, seamen have been permitted to join in a single complaint on the law side a cause of action under the Jones Act and a second for maintenance and cure. This procedure has recently been questioned. The Court of Appeals for the Third Circuit has held that in the absence of diversity of citizenship and the jurisdictional amount of $3,000, the law side is without jurisdiction of the claim for maintenance and cure. Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662. But Jansson v. Swedish American Line, 1 Cir., 1950, 185 F.2d 212 suggests that a claim "cognizable in admiralty" and for the requisite jurisdictional amount might be heard on the law side as an action

Libelant now brings this separate suit on the admiralty side to recover maintenance and cure arising out of the same events. Respondent moves to dismiss the libel upon the ground that the damages claimed were adjudicated in the prior action.

A judgment on the merits bars a subsequent action between the same parties based upon the same cause of action both as to matters actually litigated in the first suit and those which might have been litigated. But where the second action is upon a different cause of action the prior judgment operates as an estoppel only as to matters which were actually litigated and determined.[2] Therefore, there are two questions: (I) Do both actions involve the same cause of action? (II) If not, was the present claim actually litigated in the prior action?

## I

A seaman injured during the course of his employment may assert three separate claims: (1) maintenance and cure; (2) unseaworthiness of the vessel; and (3) negligence.

(1) Maintenance and cure. The obligation of a vessel and her owner to provide maintenance and cure for a seaman injured without wilful misconduct or falling ill in the service of a vessel is ·rooted' in ancient maritime law. The obligation arises from the contract of employment and is absolute, whether or not the injuries were received as a result of negligence on the part of the owner or master, or mere accident. Maintenance and cure is not an award of compensation for the disability suffered.[3] Maintenance covers food and lodging at the expense of the shipowner and "cure" is proper care or medical treatment and assistance;[4] and the duty to provide them continues from the time of injury until the maximum possible cure has been effected.[5] The seaman is also entitled to receive his wages to the end of the voyage.[6]

(2) Unseaworthiness. Here, too, the right of recovery is based upon maritime law. A vessel and her owner are liable for an indemnity for injuries received by a seaman in consequence of the unseaworthiness of the ship and her appliances.[7] The basic theory is an implied warranty on the part of the owner of fitness of the vessel. The warranty is absolute and does not depend upon negligence.[8]

(3) Negligence. The Jones Act of 1920 authorized a suit by a seaman against the shipowner for indemnity for injuries [9] resulting from the negligence of the master

arising under the Constitution, without regard to diversity. In this District, the uncertainty surrounding this jurisdictional problem has been recognized. Catherall v. Cunard Steamship Company, Ltd., Southern District of New York, 101 F.Supp. 230; also in ·the District Court of Massachusetts, McDonald v. Cape Cod Trawling Corporation, 71 F. Supp. 888.

Professor Moore, criticizing the holding in Jordine v. Walling, supra, by the Third Circuit, expresses the view that on a realistic basis there should be only one cause of action for jurisdiction, and hence, for trial covering all claims, that is, maintenance and cure, unseaworthiness and negligence, under the Jones Act. Moore's Federal Practice, Second Edition, Volume 5, 38.35[5].

2. United Shoe Machinery Co. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Baltimore S. S. Co. v.· Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L. Ed. 1069.

3. Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993.

4. The Bouker No. 2, 2 Cir., 241 F. 831, 835.

5. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850.

6. Pacific Steamship Company v. Peterson, 278 U.S. 130, 137, 49 S.Ct. 75, 73 L.Ed. 220.

7. Pacific Steamship Company v. Peterson, supra.

8. Mahnich v. Southern Steamship Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561; Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099.

9. In the case of death, by his representative.

or any member of the crew—a right not previously permitted under the general maritime law. The Act extended to seamen rights granted to railway employees under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.[10]

While the basic facts supporting a Jones Act claim and one for unseaworthiness may be different, a seaman is entitled to but one indemnity by way of compensatory damages. The Supreme Court has held that both claims give rise to a single cause of action. "* * * whether or not the seaman's injuries were occasioned by the unseaworthiness of the vessel or by the negligence of the master or members of the crew, or both combined, there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong * * *."[11] But it is not so as to maintenance and cure which is essentially based upon the contract of employment and is deemed a material ingredient of the wages paid to the seaman. The right to maintenance and cure is "independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative."[12]

It is clear that the Jones Act cause of action previously brought by libelant is not the same as the instant one to recover maintenance and cure and hence is not per se an absolute bar to the maintenance of the present suit. But there yet remains the question as to whether the present claim was in fact adjudicated in the prior action.

## II

The damages recoverable in an action based either on negligence under the Jones Act or on unseaworthiness under the general maritime law overlap to some extent those sought in an action for maintenance and cure.[13] In a Jones Act suit, the issue of cure is litigated when the plaintiff claims his medical expenses, and the maintenance issue is litigated when the plaintiff asserts board and lodging as part of his claim for loss of earnings. Therefore, if these items were adjudicated in the prior action, libelant is barred from seeking recovery in the instant suit.[14]

The record in the prior trial discloses that libelant offered evidence and litigated the matter of medical expenses, past and prospective. The jury was instructed on this item. Thus, the claim for cure is now barred. The record also shows that recovery was sought for past and future loss of earnings. However, evidence was introduced only with respect to loss of wages, but none as to the value of room and board, and there is no indication that wages included these items. Had the issue of room and board been litigated, the maintenance element of the present suit would be barred.[15] But since it was not litigated either directly or by inclusion under the wage claim, the present suit is not barred as to the maintenance item.

Settle order on notice, which shall specifically confine the issue as set forth herein.

10. Panama R. R. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

11. Pacific Steamship Company v. Peterson, supra, 278 U.S. at page 138, 49 S.Ct. 75, 77.

12. Pacific Steamship Company v. Peterson, supra, 278 U.S. at page 138, 49 S. Ct. 75.

13. Muise v. Abbott, 1 Cir., 160 F.2d 590; McDonald v. Cape Cod Trawling Corporation, supra.

14. McCarthy v. American Eastern Corporation, 3 Cir., 175 F.2d 727, certiorari denied 338 U.S. 911, 70 S.Ct. 349, 94 L. Ed. 561; Runyan v. Great Lakes Dredge & Dock Co., 6 Cir., 141 F.2d 396; Muise v. Abbott, supra; Smith v. Lykes Brothers-Ripley S. S. Co., Inc., 5 Cir., 105 F.2d 604, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505.

15. McCarthy v. American Eastern Corporation, supra.