Antonio **GOMES**

v.

**EASTERN GAS AND FUEL ASSOCIATES.**

Civ. No. 53–1004.

United States District Court,
D. Massachusetts.

Dec. 23, 1954.

Nathan Greenberg, Boston, Mass., for plaintiff.

Seymour P. Edgerton, Bingham Dana & Gould, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a suit for maintenance and cure in which the shipowner, hereinafter called the defendant, has moved for summary judgment. The ground of this motion is that the plaintiff has released the third party who alone caused him the injury. This situation was covered in Muise v. Abbott, 1 Cir., 160 F.2d 590, but the defendant invites "reconsideration" of that case in the light of its alleged inconsistency with other decisions of that court.

The plaintiff on his way back to the ship from shore leave was injured on a public highway by an automobile. He sued the operator and the owner, hereinafter collectively called the driver, in this court, and thereafter settled the suit, all without notice to this defendant. He gave the driver a release purporting to run in favor of all persons and corporations of any claim of any character for all damages, loss or injury arising out of the accident. The amount of the settlement was substantial, but is less than the amount now claimed for maintenance and cure.

I assume on the affidavit presented that the plaintiff had no specific intention of releasing this defendant, and gave the matter no thought one way or the other, and that the driver gave the matter no thought, either. I assume further, without deciding, that the driver, had the suit gone to judgment against him, would have been liable, among other things, for all the matters now claimed.

It is clear that if the defendant and the driver had been joint tort-

feasors, the release of the driver would have released the defendant. Muse v. De Vito, 243 Mass. 384, 137 N.E. 730. This principle is of no application. In the first place, there is no identity of causes of action. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220. Secondly, liability for maintenance and cure for the injury suffered here is not in tort, but is *ex contractu*. Aguilar v. Standard Oil Co., 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

■ This latter difference in obligation has a number of subordinate consequences. One is that the defendant cannot be made liable for medical and hospital treatment which have been furnished by others. Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 82 L.Ed. 993. In this the obligation differs materially from tort liability, where no such credit could be had. Shea v. Rettie, 287 Mass. 454, 192 N.E. 44, 95 A.L.R. 571.

The plaintiff concedes that this means that the defendant is entitled to set off whatever recovery the plaintiff obtained from the driver that was applicable to the items which would be covered by maintenance and cure. Muise v. Abbott, 1 Cir., 160 F.2d 590. The defendant is not satisfied with this concession, and it raises some problems which I will come to later.

The defendant relies on the fact that its liability has been described as "secondary" as against a "primary" liability of the tortfeasor. Mystic Terminal Co. v. Thibeault, 1 Cir., 108 F.2d 813; Seely v. City of New York, 2 Cir., 24 F.2d 412. From this it seeks to draw the conclusion that it is in the position of a surety, and that the plaintiff's release of the principal obligor should be held to release it.

■■ Apart from the fact that this argument was rejected, at least *sub silentio*, in Muise v. Abbott, supra, it seems to me that it presents other difficulties. It is true that in the tortfeasor cases where the parties are not in *pari delicto* a party secondarily liable may have indemnity from one primarily liable. Barber S. S. Lines v. Quinn Bros., D.C.Mass., 94 F.Supp. 212. It is also true that in such cases the release of either tortfeasor discharges the other, whether it be given to the one secondarily liable, Leddy v. Barney, 139 Mass. 394, 2 N.E. 107, or to the one primarily liable. Horgan v. Boston Elevated Ry. Co., 208 Mass. 287, 94 N.E. 386. The doctrine goes a long ways. Cf. Karcher v. Burbank, 303 Mass. 303, 21 N.E.2d 542, 124 A.L.R. 1292.

■ The fact that one party is primarily liable and the other secondarily liable, however, does not necessarily entail all of these consequences. In those cases where one tortfeasor has been held liable to another there was normally either a contractual relationship between them on which such liability was predicated, or a direct injury by the other to the one secondarily liable. Cf. Gray v. Boston Gaslight Co., 114 Mass. 149. There is also, of course, a similar contractual relationship in the principal and surety cases. But here there was no contractual relationship between the driver and the defendant. Nor is an employer directly injured when his employee is harmed. United States v. Standard Oil Co., 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067; Chelsea Moving & Trucking Co. v. Ross Towboat Co., 280 Mass. 282, 182 N.E. 477.[1] Accordingly, I believe no right of indemnification can be predicated simply because one party was primarily liable and the other only

---

1. While it is true that the relationship of shipowner and seaman is much closer than that of ordinary employer and employee, see Thorneal v. Cape Pond Ice Co., 321 Mass. 528, 536, 74 N.E.2d 5, it is to be doubted whether it is any closer than that of government and soldier, United States v. Standard Oil Co., supra. In all events it is a contractual relation of a temporary nature, and I would not include it in those exceptions which the court distinguished, if it did not overrule in that case and in Chelsea Moving & Trucking Co.

secondarily so. The Federal No. 2, 2 Cir., 21 F.2d 313, with which cf. Seely v. City of New York, supra. I do not adopt the majority's view in Jones v. Waterman S. S. Corp., 3 Cir., 155 F.2d 992, propounded before the Supreme Court's decision in the Standard Oil Case.

■■ The fact that the tortfeasor is primarily liable and the shipowner secondarily so means that the plaintiff might be made to satisfy his right of recovery from the former rather than from the latter, if the situation were such that he could, Mystic Terminal Co. v. Thibeault, supra, and that the plaintiff must allow the latter credit for whatever he has already collected from the former, Muise v. Abbott, supra, but that is all. The causes of action not being the same, and the shipowner having no rights against the driver in any event, there is no basis for holding that the fact the plaintiff has given the driver a release discharges the present suit. At least that must be so unless the plaintiff has actually recovered full payment for the amount here sought, which is now disputed.

This disposes of the question presently before me. It might not be inappropriate, however, to anticipate certain related questions which may come up at the trial. If the plaintiff, instead of waiting until he had disposed of his claim against the driver, had first sued the defendant, the defendant might have been able to bring in the driver as a third party defendant,[2] or otherwise have protected what rights it had to have the driver's primary liability sat-

isfy its own secondary obligation. Even better, the plaintiff might have sued both parties jointly. Thibeault v. Boston Towboat Co., D.C., 28 F.Supp. 152. It is very easy to say that the defendant is entitled to set-off any amounts it can show the plaintiff's recovery from the driver included for the items now sought, but it is hard to see what in this respect the defendant, who was, perforce, a stranger to those proceedings, can now affirmatively establish.

■ The plaintiff must be taken to know that because the defendant was only secondarily liable as above described, and entitled to credit for some of the recovery, he was in settling the case alone in effect commingling items for which the defendant was entitled to credit with items of his own. I do not feel it would be unfair under these circumstances to place the burden on him at the trial to separate out those items for which the defendant is not entitled to credit. Cf. People's National Bank v. Mulholland, 228 Mass. 152, 117 N.E. 46.

■ One might reach the same result by applying the principle that where a matter is peculiarly within the knowledge or control of a party, the burden is on him to prove it. Selma, Rome & D. R. Co. v. United States, 139 U.S. 560, 11 S.Ct. 638, 35 L.Ed. 266; United States v. Denver & Rio Grande R. Co., 191 U.S. 84, 24 S.Ct. 33, 48 L.Ed. 106; Brown v. Mars, Inc., 8 Cir., 135 F.2d 843, certiorari denied Mars, Inc., v. Bowles, 320 U.S. 798, 64 S.Ct. 368, 88 L.Ed. 41.

The motion for summary judgment will be denied.

2. But only if this circuit were to adopt Jones v. Waterman S.S. Co., supra, so that the defendant had a direct right against him. Rule 14, 28 U.S.C.A.