Janis STENDZE, alias John Stendze,

v.

THE BOAT NEPTUNE, Inc.

Civ. A. No. 54–355.

United States District Court
D. Massachusetts.

Nov. 18, 1955.

Leo Schwartz, New Bedford, Mass., for plaintiff.

Paul Kirby, Kneeland & Splane, Boston, Mass., for defendant.

ALDRICH, District Judge.

The question for decision is the amount of maintenance and cure a fisherman should be awarded when he has already received a jury verdict which included his lost earnings for the same period.[1]

At the trial it was stipulated that the plaintiff was incapacitated from June 10 to August 10, following an injury received on board ship, and that during this period the vessel on which he had a site made five trips, on which he would have earned $1,057. The defend-

[1]. The maintenance count, being for less than $3,000, I did not put to the jury.

ant contends, quite properly in my opinion, that now to give him full maintenance for this same period would result to some extent in duplication. The defendant's problem, since the burden of proving payment is on it, is to establish that extent. The verdict of the jury for all damages for loss of earnings and for pain and suffering was $1,600. This was plainly inadequate, except for the fact that there was substantial evidence of contributory negligence, which In instructed the jury would require it to proportion the damages, if found, even though the action was not under the Jones Act, 46 U.S.C.A. § 688, but was for unseaworthiness. Pope & Talbot, Inc., v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Bentley v. Albatross S. S. Co., 3 Cir., 203 F.2d 270. I think it is clear that this is what they did. Hence the plaintiff has not received all of the $1,057 of lost earnings; nor can it be told how much he has received, since damages for pain and suffering were not liquidated. This is an insuperable obstacle for the defendant.

Furthermore, the lost cash earnings, even had the plaintiff received them in full, would not have included lost food and lodging, in effect additional compensation while on board the ship during that portion of the two months he would have been at sea. The value of this has not been determined.

In spite of the holding in Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220, that maintenance and cure is a cumulative remedy, I think the plaintiff should not be paid twice in full for the same thing, and that maintenance and cure is meant only to compensate him for what he has not recovered elsewhere. Cf. Gomes v. Eastern Gas and Fuel Associates, D.C. Mass., 127 F.Supp. 435; Id., D.C., 132 F.Supp. 29. In the case at bar, however, the defendant cannot show the specific duplication, and accordingly must fail for want of proof. I find for the plaintiff in the agreed amount of $308 for medical bills, and for 55 days (61 less 6 in the hospital) maintenance at the agreed rate of $6 a day, or $330. I award no interest.

Finding for the plaintiff on Count Two of the complaint in the amount of $638, with costs.