Lorine W. WHITAKER, Executrix under the Will of Alfred D. Whitaker

v.

UNITED STATES of America.

Civ. A. No. 60-413.

United States District Court
D. Massachusetts.

May 12, 1961.

Rowland H. Long, Springfield, Mass., A. Peter Quinn, Jr., Springfield, Mass., for plaintiff.

Elliot L. Richardson, U. S. Atty., Andrew A. Caffrey, James C. Heigham, Asst. U. S. Attys., Boston, Mass, for defendant.

FORD, District Judge.

This is an action under 28 U.S.C.A. § 1346(a) (1) by plaintiff as executrix under the will of Alfred D. Whitaker to recover taxes alleged to have been erroneously or illegally assessed and collected under the Federal Insurance Contributions Act, Internal Revenue Act of 1954, § 3101 et seq., 26 U.S.C.A. § 3101 et seq.

Alfred D. Whitaker, who died on August 14, 1957, was for many years prior to his death an agent of the Massachusetts Mutual Life Insurance Company under a contract with one Pirnie, the company's General Agent in Providence, Rhode Island. From January 1, 1951, until his death he was admittedly a "full-time" life insurance salesman under the Act, 26 U.S.C.A. § 3121(d) (3) (B), and the contribution from wages required under the Act was withheld from his commissions each year and paid to the District Director of Internal Revenue. In each of the years 1951 through 1957 Whitaker's commissions exceeded the sum defined as wages under the Act and hence in each of these years the maximum contribution required by the Act was withheld.

Whitaker received compensation for his services under his contract in the form of commissions, consisting of a percentage of the first-year premium on each life insurance or annuity contract solicited and secured by him and a renewal commission consisting of a portion of the premium paid on each such contract for the second through the tenth policy years. A renewal commission was of course payable to him only when and if the renewal premium for the year was paid to the company. Renewal commissions becoming due after his death were payable to his estate.

Consequently in 1959, the year involved here, the company paid to plaintiff, as Whitaker's executrix, renewal commissions to which his estate became entitled on policies sold by him in the years 1951 through 1957 and withheld and paid over to the United States from the total of these commissions the sum of $120 as the employee's contribution due under the Act. Claim for refund was made on September 10, 1959, and more than six months thereafter plaintiff brought this action to recover the $120.

Whitaker at the time of his death was a fully insured individual within the meaning of the Social Security Act, and his widow now receives a monthly payment of $87. The amount of this payment will not be increased because of any amounts based on renewal commissions and collected since his death.

Under § 3101 of the Act there is imposed on the income of the individual "a tax equal to the following percentages of the wages * * * received by him with respect to employment." Under § 3102 the tax is to be collected by the employer "by deducting the amount of the tax from the wages as and when paid." Under § 3121 "wages" is defined generally to mean "all remuneration for employment."

The commissions involved here are clearly remuneration for services performed by Whitaker while he was an employee of the insurance company. They are nonetheless remuneration for those services because payment may have been deferred under the terms of the contract to future years and made conditional on the payment of the renewal premiums by the policyholder in those years. Moreover, the tax is properly collected, not in the year in which the services were performed but in the year in which the commissions were paid and in fact were for the first time absolutely due to the taxpayer. Treasury Regulations on Employment Taxes, Sections 31.3121(a)–2 and 31.3121(a) (1)–1.

Plaintiff argues, however, that the commissions were not paid to an employee and therefore were not taxable. On this point there appears to be some confusion in plaintiff's argument. She stresses the point that the commissions in 1959 were paid to her and that she was never an employee of the company. Her status as an individual is immaterial. No payment was made to her in her individual capacity but only in her capacity as executrix, the personal representative of Alfred D. Whitaker, who was an employee and who performed the services for which these commissions are a remuneration. It is, of course, not necessary that the taxpayer should have the status of an employee at the time the wages are paid and the tax becomes due, but only that he should have been an employee at the time the services were performed. Regulations, Sections 31.3121 (a)–1(i); United States v. Fogarty, 8 Cir., 164 F.2d 26, 30, 174 A.L.R. 1284; The City of Avalon, 9 Cir., 156 F.2d 500. In the latter case a seaman was disabled at sea. His contract provided that compensation would include not only the percentage based upon the catch up to the time of injury, but also a share of the catch for the remainder of the season. The seaman claimed that he had ceased employment before the amount of additional compensation could be determined with the result that the wages were not earned while he was an employee. In holding against the seaman's contentions, the court stated (at page 501):

"The added amount was earned by his employment up to the day of disability. It was then a fixed obliga-

tion of the employer, though undetermined in amount. We affirm the holding of the district court that the compensation was wages within Subdivision (a) of Section 1426 of 26 U.S.C.A. Int.Rev.Code with reference to the social security tax defining 'wages' * * * "

■ Plaintiff argues that the tax should not be imposed in this case because she can derive no benefit from the collection of further taxes on compensation for her husband's services paid after his death. However, nothing in the Act justifies the argument that a tax is due only when a corresponding benefit will flow to the taxpayer or his survivors. On the contrary, the scheme of the social security legislation is that while benefits have a general relationship to wages earned and the tax paid thereon, it is not intended or required that benefits should be measured exactly by the amount of payments. Two persons who have paid the same amount in taxes are not necessarily entitled to equal benefits. The benefit to which any individual is entitled is not necessarily increased with each additional tax payment, and the liability for the tax is not under the Act made to depend in any way upon the assurance that the taxpayer's benefit will be thereby increased.

■ Plaintiff further argues that there is an inconsistency between the position taken by the government here and the position taken by the Internal Revenue Service in Revenue Ruling 59–162, 1959–1 CB 224. The holding of that ruling was that under the Self-Employment Contribution Act, 26 U.S.C.A. §§ 1401–1403, the renewal commissions paid to a surviving widow of a self-employed insurance agent do not constitute self-employment income for the widow which she could take into account in computing her net earnings from self-employment, since the commissions do not represent income derived from a trade or business carried on by her but rather a trade or business carried on by her husband prior to his death. There is no inconsistency. Government here, as has been pointed out, makes no contention that the payments here are to be considered as compensation paid to Mrs. Whitaker in her individual capacity for any services rendered by her as an employee, but rather contends, consistently with its position in Ruling 59–162, that the commissions are paid to her only in her capacity as personal representative of her deceased husband and taxable because remuneration paid for services rendered by him as an employee of the insurance company.

Judgment will be entered for defendant dismissing the complaint.