988 F.2d 119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gyu Il HWANG, Plaintiff-Appellant,
v.
M/V ALASKAN HERO, U.S.C.G. Official No. 569276 in rem, Defendant,
and
AKC Corporation; International Pacific Enterprises, Ltd.,
in personam, Defendants-Appellees.
 
 1
 No. 90-35831.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted Jan. 7, 1993.*
Decided March 11, 1993.
 
 3
 Appeal from the United States District Court for the Western District of Washington; No. CV-89-1431-CRD, Carolyn R. Dimmick, District Judge, Presiding.
 
 
 4
 W.D.Wash.
 
 
 5
 AFFIRMED.
 
 
 6
 Before FARRIS and KLEINFELD, Circuit Judges, and EZRA,** District Judge.
 
 
 7
 MEMORANDUM***
 
 
 8
 Hwang argues that where the jury has awarded damages for failure to pay maintenance and cure, such an award is not duplicative of an award for damages premised upon a finding of negligence or unseaworthiness. Hwang's argument is misplaced.
 
 
 9
 Although Hwang was entitled to have each theory of recovery submitted to the jury, see Cortes v. Baltimore Insular Line, 287 U.S. 367, 370-71 (1932), he must not be permitted to recover twice for the same item of damage. See Crooks v. United States, 459 F.2d 631, 633 (9th Cir.1972) ("seaman is not entitled to double recovery"); Vickers v. Tumey, 290 F.2d 426, 435 (5th Cir.1961) ("[T]here must not be a duplication in the final award whether it is done by a Judge sitting in admiralty, by a jury hearing both phases where jurisdiction exists, or partly by the jury and partly by the Judge"); Bartholomew v. Universe Tankships, Inc., 279 F.2d 911, 913 (2d Cir.1960) (holding that seaman cannot recover full damages under two theories if that will result in overlapping of damages or double compensation).
 
 
 10
 The sole question is whether the jury improperly awarded duplicative damages. The district court found that a double verdict was entered, and therefore denied Hwang's motion to amend judgment.
 
 
 11
 We review a district court's denial of a Rule 59(e) motion for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). A district court may abuse its discretion under Rule 59(e) if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of a material fact. United States v. Plainbull, 957 F.2d 724, 725 (9th Cir.1992). Here, the district court rested its decision on whether the jury's awards were duplicative. This determination is a finding of fact. See U.S. Industries, Inc. v. Touche Ross & Co., 854 F.2d 1223, 1259 n. 53 (10th Cir.1988); State v. Northwestern Constr., Inc., 741 P.2d 235, 240 (Ala.1987).
 
 
 12
 In a similar maritime action, the Second Circuit held that the question whether damages for maintenance would constitute a duplication of the damages already awarded by the jury for negligence and unseaworthiness was a question of fact to be determined by the trial judge. Bartholomew v. Universe Tankships, Inc., 279 F.2d 911, 918 (2d Cir.1960). See also Muise v. Abbott, 160 F.2d 590, 591 (1st Cir.1947); Smith v. Lykes Brothers-Ripley S.S. Co., 105 F.2d 604, 606-07 (5th Cir.), cert. denied, 308 U.S. 604 (1939).
 
 
 13
 We have never addressed the question but we have implicitly treated the determination as a question of fact. See Waits v. Frito-Lay, Inc., 978 F.2d 1093 (9th Cir.1992) (vacating duplicative portion of damage award), petition for cert. filed (U.S. Nov. 18, 1992) (No. 92-863); Kissell Co. v. Gressley, 591 F.2d 47, 51 (9th Cir.1979) (remanding for factual determination of amount of duplicative recovery).
 
 
 14
 Since the district court rested its decision to deny Hwang's Rule 59(e) motion on a factual finding, we must determine whether that finding was clearly erroneous. Under the clearly erroneous standard of review, an appellate court must accept the trial court's findings of fact unless upon review the appellate court is left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991); Sauers v. Alaska Barge and Transport, Inc., 600 F.2d 238, 244 (9th Cir.1979).
 
 
 15
 Hwang concedes, as he must, that the jury ignored Instruction No. 19 ("There can be no double recovery....") when it awarded maintenance, cure, and unearned wages as part of the negligence award as well as in a separate item of damage. In his brief, Hwang states:
 
 
 16
 Plaintiff does not appeal from that portion of the judgment excluding the award for maintenance, cure and unearned wages. In effect, the plaintiff agrees that maintenance, cure and unearned wages, were duplicative of the compensatory damages awarded in Special Verdict Form 1 (for negligence/unseaworthiness).
 
 
 17
 A careful review of the record supports the district court's finding that "the most likely scenario is that the jury believed that the damages entered on Special Verdict Form No. 1 were to be calculated through the use of Special Verdict Form No. 2. Thus, the jury believed it was only entering a verdict in the amount of $180,234.00." This finding was not clearly erroneous, so the district court did not abuse its discretion by denying Hwang's Rule 59(e) motion to amend the judgment.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Ezra, District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3