974 F.Supp. 1274 (1997)
Terry D. BALLARD, Plaintiff,
v.
RIVER FLEETS, INC., Defendant.
No. 1:95CV0102 TCM.
United States District Court, E.D. Missouri, Southeastern Division.
July 22, 1997.
Martin L. Perron, Sandor Korein, Carr and Korein, St. Louis, MO, for Terry D. Ballard.
Terry D. Ballard, Wickliffe, KY, pro se.
John R. Halpern, Goldstein and Price, L.C., St. Louis, MO, for River Fleets, Inc.

MEMORANDUM AND ORDER
MUMMERT, United States Magistrate Judge.
Judgment was entered in this case in May 1997 upon a jury verdict in favor of the plaintiff, Terry D. Ballard, and against the defendant, River Fleets, Inc. Plaintiff and Defendant have each separately moved to amend or alter the judgment. [Docs. 42, 43]

Background
This action has its origins in a fall by Plaintiff in November 1992 when he was *1275 attempting to secure a barge. Alleging that his resulting injuries were caused by his employer, the Defendant, Plaintiff filed suit under the Jones Act, 46 U.S.C.App. § 688.
Prior to the first trial,[1] Plaintiff filed a motion in limine asking that the Court order Defendant to refrain from presenting evidence about or commenting on any maintenance and cure benefits paid by Defendant to Plaintiff. (See Doc. 24.) That motion was granted without objection. Plaintiff subsequently filed an amended motion in limine requesting that the Defendant be precluded from presenting any evidence of and argument about payments it voluntarily made to Plaintiff over and above maintenance and cure. (See Doc. 34.) Defendant argued that the jury should be permitted to hear that evidence and to reduce any damages awarded to Plaintiff by the amount found to be in excess of the maintenance and cure. Plaintiff countered that the jury should not be permitted to hear any evidence of payments made to him by Defendant in any manner. Plaintiff's amended motion in limine was granted.
Throughout the trial, and in closing argument, Plaintiff presented uncontested evidence and argued that he lost wages as a result of his November 1992 fall and injuries. Those lost wages totaled, at the time of trial, approximately $85,000. The jury returned a verdict in favor of Plaintiff in the amount of $222,500 and found him to be thirty-five percent (35%) negligent; therefore, the amount awarded to Plaintiff was reduced to $144,625.
Judgment was entered accordingly.

Discussion

Plaintiff's Motion to Amend Judgment Or, In the Alternative, For A New Trial.
Plaintiff argues that there was no evidence to support the jury's finding that he was 35% negligent and that the Court made several erroneous evidentiary rulings. The Court has reviewed the evidence and its rulings, and finds both arguments to be without merit. Plaintiff's motion will be denied.

Defendant's Motion to Alter and Amend [Doc. 43].
Defendant now seeks to reduce Plaintiff's verdict by an additional $20, 945.28  the amount it paid Plaintiff pursuant to its policy to make supplemental wage payments to crew members injured in the course of their employment. Defendant supports its request with an uncontested affidavit by its claims manager, Mr. Rick Hildreth, who is charged with overseeing maintenance and cure and supplemental wage payments to Defendant's injured employees. Mr. Hildreth avers that the supplemental wage payments made by Defendant pursuant to its policy were not part of its benefit plan nor were they paid pursuant to any contract. Mr. Hildreth further avers that Defendant paid Plaintiff maintenance and cure $15.00 per day through December 31, 1994, for a total of $6,090, and also paid him supplemental wages and advances totaling another $20,945.28. These allegations and figures are corroborated in Defendant's answers to Plaintiff's interrogatories, a copy of which are attached as an exhibit to Defendant's reply brief. Plaintiff presents no evidence to refute the amounts claimed by Defendant.
The obligation of the employer of an injured seaman to pay "maintenance and cure" is separate from the liability imposed on that employer under the Jones Act for injuries incurred by the seaman and caused by his employer's negligence. See Chandris, Inc. v. Latsis, 515 U.S. 347, 354-55, 115 S.Ct. 2172, 2183, 132 L.Ed.2d 314 (1995); Magnussen v. Yak, Inc., 73 F.3d 245, 249 (9th Cir. 1996). See also The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 487, 47 L.Ed. 760 (1903) (recognizing ancient vintage of duty to pay maintenance and cure). "Maintenance" is a per diem living allowance; "cure" is the payment of medical and hospital expenses.[2]See Nichols v. Barwick, 792 F.2d 1520, 1523-24 *1276 (11th Cir.1986) (quoting Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir.1979)).
The parties do not dispute that Defendant paid Plaintiff $6,090 as maintenance. The dispute is whether the $20,945.28 characterized by Defendant as supplemental wages and advances is to be considered as maintenance and whether Defendant is entitled to a setoff against the judgment in that amount.
Defendant cites Stanislawski v. Upper River Services, Inc., 6 F.3d 537 (8th Cir. 1993), in support of its position. In Stanislawski, the Eighth Circuit Court of Appeals affirmed the district court's finding that certain payments made by the defendant to the plaintiff were "supplemental payments" and duplicated, in part, the plaintiff's request for past wage loss. Id. at 539-40. The defendant had presented evidence at trial that it had paid the plaintiff $55 per day, $20 for maintenance, $35 in voluntary supplemental wage compensation. Id. at 540. The parties disagreed on whether the $35 supplemental wage payments should be deducted from the judgment because past wage loss was included by plaintiff in his request for damages. Id. Holding that "[p]ast wage loss is a proper component of Jones Act damages and thus, should be deducted from the net judgment, after the judgment has been reduced to account for [plaintiff's] negligence," the Court concluded that the defendant was entitled to an offset for the total paid plaintiff in voluntary supplemental wage payments and then included in the jury's award of past loss wages. Id. at 541. The Court also held that the district court did not err in basing its findings on the amount of voluntary wage payments on a letter from the defendant to the plaintiff and on the defendant's attorney's affidavit explaining the purpose of the supplemental payments. Id. at 540.
In the instant action, the only evidence before the Court is Defendant's answers to interrogatories and Mr. Hildreth's affidavit. Plaintiff argues that this evidence was not before the jury and that the affidavit cites legal conclusions. The Court disagrees. The issue is one of fact and is supported by the affidavit and interrogatory answer. Further, Plaintiff's motion in limine and the Court's favorable ruling precluded Defendant from presenting this same evidence before the jury. As Defendant argues, Plaintiff cannot have it both ways.
Thus, the Court finds, based on the unrefuted evidence now before it, that Defendant paid Plaintiff $20,945.28 in supplemental payments to compensate him, in part, for wages lost due to his injuries.
Plaintiff also argues that the Court is incapable of determining whether the amount awarded by the jury includes an award for loss wages or whether the jury verdict represents an award only for pain and suffering and loss of future income. The Court is entitled to construe the jury's verdict as if it fully compensated Plaintiff for his loss of income. See Stanislawski, 6 F.3d at 541 n. 8 (assuming that the jury awarded the plaintiff the full amount he requested as medical expenses; and, citing Brister v. A.W.I., Inc., 946 F.2d 350, 361 (5th Cir.1991) and Clark v. Burlington Northern, Inc., 726 F.2d 448, 451 (8th Cir.1984)); Brister, 946 F.2d at 361 (holding that the district court was entitled to consider that the jury "probably included" cure payments and, therefore, properly reduced a double recovery award); Clark, 726 F.2d at 451 (finding in FELA action that the jury "undoubtedly considered" the stipulated lost wages in calculating its award to plaintiff and affirming the district court's reduction to avoid double recovery).
Accordingly, for the reasons set forth above, the Court finds that the $20,945.28 Defendant paid Plaintiff in supplemental payments was for lost wages and that that amount should be setoff against the judgment to avoid a double recovery. See Stanislawski, 6 F.3d at 541.
Therefore,
IT IS HEREBY ORDERED that Plaintiff's Motion to Amend the Judgment Notwithstanding the Verdict or, in the Alternative, for a New Trial is DENIED. [Doc. 42]
IT IS FURTHER ORDERED that Defendant's Motion to Alter or Amend is GRANTED. [Doc. 43]
IT IS FINALLY ORDERED that the judgment entered on May 21, 1997, in favor of Plaintiff in the amount of One Hundred Forty Four Thousand Six Hundred Twenty Five Dollars ($144,625) is hereby amended *1277 and reduced by Twenty Thousand Nine Hundred Forty Five Dollars and Twenty Eight Cents ($20,945.28) resulting in a verdict in favor of Plaintiff and against Defendant in the amount of One Hundred Twenty Three Thousand Seven Hundred Twenty One Dollars and Seventy Two ($123,721.72) plus post-judgment interest at the rate of 6.06 percent. Plaintiff's costs are assessed against the Defendant.
NOTES
[1] On March 3, 1997, after the completion of voir dire, the Court granted the parties' joint motion for a mistrial based upon a conversation between members of the venire panel that occurred in the jury assembly room prior to the beginning of voir dire. This case was reset on the docket of May 19 and was then tried to completion before a jury. The pretrial rulings made by the Court for the March trial setting remained in effect at the second trial.
[2] Cure is not an issue in the instant motion.