**Roland CARON, Plaintiff**

v.

**OTONKA, INC., Defendant**

**No. CIV. 04–CV–36–P–C.**

United States District Court,
D. Maine.

Nov. 15, 2004.

---

R. Terrance Duddy, Christopher R. Causey, Kelly, Remmel & Zimmerman, Portland, ME, for Roland L Caron, Plaintiff.

Mark J. Winter, Drummond & Drummond, LLP, Portland, ME, Michael X. Savasuk, Law Office of Michael X. Savasuk, Portland, ME, for Otonka Incorporated, Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT OR IN THE ALTERNATIVE FOR A NEW TRIAL

GENE CARTER, Senior District Judge.

Now pending before the Court is Plaintiff Roland Caron's Motion to Amend Judgment or in the Alternative for New Trial on "Maintenance" and "Unearned Wages" Issues (Docket Item No. 109). Defendant Otonka objects to this motion. *See* Defendant's Objection to Plaintiff's Motion to Amend Judgment or in the Alternative for a New Trial (Docket Item No. 111). In his motion, Plaintiff alleges two errors in the jury verdict. First,

Plaintiff claims that he is entitled to unearned wages under his contract as a component of maintenance and cure. Second, Plaintiff alleges that he is entitled to maintenance of $25 per day from October 15, 2003, until the date of the jury's verdict, October 18, 2004.

### I. Unearned Wages

■ Although unearned wages are owed to an injured seaman through the duration of the employment contract under a maintenance and cure claim, these wages were granted by the jury through the Jones Act claim. Because both counts include a claim for lost wages, the law is clear that a plaintiff may not enjoy a double recovery. *See, e.g., Stanislawski v. Upper River Servs.,* 6 F.3d 537, 540 (8th Cir.1993) ("we agree with the district court that Stanislawski's right to 'maintenance and cure' does not entitle him to double recovery."); *Vickers v. Tumey,* 290 F.2d 426, 435 (5th Cir.1961) ("[i]t is obvious, however, that since the element of wages, as such, is inherent in each of the two types of recoveries, there must not be a duplication in the final award whether it is done by a Judge sitting in admiralty, by a jury hearing both phases where jurisdiction exists, or partly by the jury and partly by the Judge. Care must be taken by the Trial Judge to see that this does not occur."); *Reardon v. California Tanker Co.,* 260 F.2d 369, 372 (2d Cir.1958) ("[a]lthough the injured seaman may have cumulative claims, one based on contract, the other on tortious conduct, it is obvious that he should be compensated but once for the loss which he has sustained. This principle has usually been discussed in suits for maintenance and cure brought after the seaman had already had recovery in a suit brought under the Jones Act."); *Muise v. Abbott,* 160 F.2d 590, 592 (1st Cir.1947) ("the damages recoverable in each action [one in tort and one for maintenance and

 

cure] to some extent overlap, and the rule prevails in admiralty as elsewhere in the law that no one may recover compensatory damages more than once."); *Peake v. Chevron Shipping Co.*, No. C 00–4228 MHP, 2004 WL 1781008, at *3 (N.D.Ca. Aug.10, 2004) ("this kind of prohibited 'duplicate recovery' is precisely what occurred here. Finding in plaintiff's favor on all claims, the jury awarded plaintiff substantial lost income and lost benefit damages for his tort-based personal injury cause of action. Plaintiff's contract damages merely duplicate these tort-based sums, improperly granting plaintiff a double measure of lost income and lost benefit damages based on claims arising from the same factual setting. Such double recovery is precluded by law, and the court vacates the full breach of contract damage total accordingly."); *Ballard v. River Fleets, Inc.*, 974 F.Supp. 1274, 1276 (E.D.Mo.1997) ("[a]ccordingly, for the reasons set forth above, the Court finds that the $20,945.28 Defendant paid Plaintiff in supplemental payments was for lost wages and that that amount should be setoff against the judgment to avoid a double recovery."); *Gajewski v. United States*, 540 F.Supp. 381, 387 n. 5 (S.D.N.Y.1982) ("The law is clear that the award of maintenance and cure and wages cannot overlap to allow double recovery."). *See also* 1 T. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 6–29 (3d ed.2001) ("where loss of wages has been awarded to the seaman in a Jones Act negligence action, there will be a deduction of unearned wages paid to prevent double recovery.").

Plaintiff's post-trial claim to additional lost wages is without merit and not supported by any case law. Lost wages is a component of Plaintiff Caron's Jones Act damages. Accordingly, he cannot recover the same damages under maintenance and cure.

## II. Maintenance

The issue of whether Mr. Caron reached maximum medical care was properly submitted to the jury for its determination. Although Plaintiff still had a plate in his arm on October 15, 2003, testimony at trial permitted the jury to reasonably conclude that removal of the plate would do nothing medically to improve any impairment of Mr. Caron's condition. The jury had the opportunity to determine whether removal of the plate was palliative or would result in improvement of Plaintiff's condition, and the jury's conclusion that its removal would not improve Plaintiff's condition is supported by the evidence.

## III. Conclusion

It is **ORDERED** that Plaintiff's Motion be, and it is hereby, **DENIED.**